# EXHIBIT "A"

**IN THE CHANCERY COURT OF TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

SHELBY COUNTY
CHANCERY COURT
JUN 2 4 2020
W. AARON HALL, C & M
TIME: _8/8_   BY: _HB_

DONAL M. MCDONAGH and
MICHELE R. MCDONAGH,

     Plaintiffs,

vs.

SCIG SERIES III TRUST,
SN SERVICING CORPORATION,
U.S. BANK TRUST NATIONAL ASSOCIATION,
and EDWARD RUSSELL, Substitute Trustee,

     Defendants.

No. CH-20-0741
JURY DEMANDED
PART - III

---

### FIRST VERIFIED COMPLAINT TO ENJOIN FORECLOSURE, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, VIOLATIONS OF THE FAIR DEBT COLLECTION ACT, VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT AND VIOLATIONS OF 12 U.S.C §2601

---

**COMES NOW** Plaintiffs, Donal M. McDonagh and Michele R. McDonagh ("Plaintiffs"), by and through counsel, Harkavy Shainberg Kaplan PLC, and for their Verified Complaint to Enjoin Foreclosure, Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Violations of the Fair Debt Collection Act, Violations of the Tennessee Consumer Protection Act and Violations of 12 U.S.C. §2602, would show the Court as follows:

### PARTIES

1.    Plaintiffs, Donal M. McDonagh and Michele. R. McDonagh, are adult resident citizens of Shelby County. Tennessee.

1

2.      Upon information and belief, Defendant, SCIG Series III Trust ("SCIG Trust") is alleged to be the holder and current assignee of the related Deed of Trust ("DOT") executed by the Plaintiffs and in favor of Trust One related to the real property located at 2416 Sanders Ridge Ln, Germantown, Tennessee 38138. The state of origin for SCIG is unknown but they may be served with service of process through its trustee, U.S Bank Trust National Association, at its principal place of business located at 300 East Delaware Avenue, 8th Floor, Wilmington, Delaware 19801.

3.      Upon information and belief, Defendant U.S. Bank Trust National Association ("U.S. Bank") is a corporation that is organized and existing under the laws of Delaware but is not recognized within the State of Tennessee. U.S. Bank is the trustee for the SCIG Trust. U.S. Bank may be served with service of process at its principle place of business located at 300 East Delaware Avenue, 8th Floor, Wilmington, Delaware 19801

4.      Upon information and belief, Defendant, SN Servicing Corporation ("SN"), is a third-party debt collector organized and existing under the laws of the State of Alaska and recognized within the State of Tennessee, with its principal place of business located in Baton Rouge, Louisiana and it's Tennessee Registered Agent is The Prentice-Hall Corporation System, Inc. located at 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

5.      Defendant, Edward Russell ("Trustee") is the substitute Trustee under a certain Deed of Trust and a certain Deed of Trust which are more particularly described below pursuant to which SN seeks to foreclose interest in the property the Plaintiff's interest in the real property located at 2416 Sanders Ridge Ln., Germantown, Tennessee 38138 (the "Property"), and the

2

Trustee is sued only in that capacity. It is believed Edward D. Russell may be served with service of process at 8 Cadillac Dr., Ste. 120, Creekside Crossing III, Brentwood, TN 37027.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this Verified Complaint pursuant to Tenn. Code Ann. § 16-10-101.

7.      Venue is proper in Shelby County, Tennessee, pursuant to Tenn. Code Ann. § 20-4-103.

## FACTS

8.      On or about August 29, 2007, the Plaintiff's acquired title to the Property and executed a deed of trust ("DOT") for the benefit of Trust One Bank.

9.      On July 20, 2012, the Plaintiffs jointly filed a Chapter 13 Bankruptcy filing in the United States Bankruptcy Court in the Western District of Tennessee under the case number 12-27642 ("Bankruptcy").

10.     The DOT was listed within the petition for the Bankruptcy. The Bankruptcy was successfully performed by the Plaintiffs resulting in a discharge ordered by Chief Bankruptcy Judge David M. Kennedy on July 13, 2018. *See attached Chapter 13 Bankruptcy Plan, Claims Register and Order of Discharge attached collectively herein as **Exhibit 1**.*

11.     Upon information and belief, the DOT was assigned three (3) separate times with the DOT, ultimately, being assigned to U.S. Bank as trustee for the SCIG Trust on or about April 16, 2018. To date, neither SN nor SCIG Trust have provided Plaintiffs, despite requests, a copy of the alleged assignment.

3

12.     Upon information and belief, the Plaintiffs made all of their post-petition mortgage payments directly to the DOT holders during the Bankruptcy. At no time did any holder/assignee of the DOT ever inform the Plaintiffs of a default or file a Notice of Default with the United States Bankruptcy Court in the Western District of Tennessee.

13.     In April of 2018, while still under the guidance of the United States Bankruptcy Court, SN began sending debt collection notices to the Plaintiffs related to the DOT. This was the first Plaintiffs learned of SN, SCIG Trust or their alleged assignment of the DOT. SN's correspondence made it explicitly clear that it was unaware of the fact the Plaintiffs involved in the Bankruptcy proceeding. *See attached Notice of Assignment falsely filed with the United States Bankruptcy Court in the Western District of Tennessee and provided to the Plaintiffs herein attached as **Exhibit II**.*

14.     At no time did Trust One Bank or any subsequent alleged assignees to the DOT inform the Bankruptcy Court or Plaintiffs of any default in the ongoing mortgage payments. During the administration of the Bankruptcy there were two (2) Notices of Post-Petition Mortgage Fees, Expenses, and Charges filed with the Bankruptcy Court ("Notices"); the first for $15.00 on December 27, 2017 and the second for $45.00 on May 2, 2018 for property inspection fees presumably related to the assignments of the DOT. *See Notices attached herein collectively as **Exhibit III**.*

15.     Plaintiffs would later learn that that the DOT was not assigned to SCIG Trust until September 21, 2018; thus, all prior communications from SN on behalf of SCIG Trust were untrue and induced Plaintiffs to provide funds and confidential information to unrelated third

parties. *See assignment to SCIG Trust recorded in the Shelby County Registers Office herein included as **Exhibit IV**.*

16.     Upon being notified of the SCIG Trust being the holder of the DOT the Plaintiffs began making their monthly mortgage payments to the SN, as directed, and requested a re-finance to take advantage of the historically low interest rates.

17.     On or about May 1, 2018, Plaintiffs prepared and provided a re-financing application for SN to review and approve seeking to take advantage of the lowered interest rates. SN reviewed but denied the request stating their income-to-debt ratio was insufficient. Plaintiffs were told this was due to the ongoing Bankruptcy payments required by the Bankruptcy Trustee. *See SN letter dated May 17, 2018 herein attached as **Exhibit V**.*

18.     In May of 2018 Plaintiffs, based upon inconsistent verbal communications with SN representatives, became concerned that SN did not have correct and/or complete accountings related to the DOT and began requesting complete accountings of the alleged debt.

19.     In July of 2018, SN began demanding a new monthly payment with an increase from $5,992.45 to $6,201.79 with no accounting or reasoning whatsoever. Plaintiffs continued requests for complete accountings, and now, reasons for payment increases were ignored by SN.

20.     On or about August 1, 2018, subsequent the Bankruptcy discharge, Plaintiffs submitted a second re-financing package for review and approval to SN. SN denied this second application stating that the Plaintiffs could afford the ongoing payment, and again, denied the Plaintiffs attempt to refinance. *See SN letter dated August 16, 2018 herein attached as **Exhibit VI**.*

21. In response to Plaintiffs continued demands for accountings and finally, in September of 2018 SN representative, Casey Edwards informed the Plaintiffs that, "Due to unfortunate circumstances I do not have the breakdown of the fees to send at this time to you. We are having to work with the previous servicing companies to get some documentation".

22. So, to be clear, six (6) months after falsely telling the Plaintiffs that SCIG Trust was the lawful holder of the DOT, receiving monies from the Plaintiffs and demanding additional monies from the Plaintiffs, SN's representative, Casey Edwards, admits that SN did not have the documents necessary to evidence the monies being demanded by SN. To date, SN has yet to produce a true and complete accounting for the debts it alleges. *See email stream between Plaintiffs and SN which includes the specific email from SN representative Casey Edwards email dated September 6, 2018 herein attached as **Exhibit VII**.*

23. Plaintiffs payment for the month of August 2018 was returned to them from SN. Plaintiffs requested advisement on retuned payments and SN informed them in September of 2018 that they would no longer accept any payments made by the Plaintiffs. *See **Exhibit VII**.*

24. The first attempt by SN to provide any satisfactory response to the numerous debt verification request by the Plaintiffs took place on January 8, 2019. The written response and production by SN included a copy of the original Line of Credit document signed by the Plaintiffs and a "Payoff Statement" of the alleged debt. The debt-verification did not include an accounting of the debt, a copy of the assignment of the DOT to the SCIG Trust, nor an explanation of the premium increase demanded by SN. *See letter from SN representative dated January 8, 2019 attached herein as **Exhibit VIII**.*

25.     Plaintiffs have disputed specifically and multiple times the increase in the related premium from $5992.45 to $6,201.79, the unknown and/or accounted for "Prior Servicer Escrow Adv" of $36,224.37, the unknown and/or accounted for "Prior Servicer Corp. Adv" of $19,906.05, the "Miscellaneous" described as "attorney fees" of $2,676.90, the continuing late charges accruing due to SN's refusal to accept payments from the Plaintiffs, and all other unsupported and unverified charges that may be included on Plaintiffs accountings that SN refuses to provide. *See some of the multiple written attempts to dispute and seek clarification for the alleged disputed debts herein attached as* ***Exhibit IX.***

26.     Despite SN's inability to validate the Plaintiff's alleged debt SN has chosen to disregard the continued requests of Plaintiffs to engage in good faith communications and attempts to resolve the disputes as to the alleged debt. Rather, SN has, knowingly and willingly, chosen to ignore Plaintiffs debt validation requests made pursuant to 15 U.S. Code §1692 et seq. and proceed with foreclosure of the related Property. The foreclosure sale is currently scheduled for June 24, 2020.

27.     From June of 2018 to present the Plaintiffs have requested a complete accounting for the alleged debts demanded by SN, and to date, SN  has continued to refuse and/or fail to provide any semblance of a complete accounting.

28.     Plaintiffs have, in accordance with Tennessee Code Annotated § 29-23-20 served notice on the Defendants and the Trustee of its intention to appear before this court seeking among other relief as stated below, an injunction to stay the Defendants foreclosure sale of the DOT pending a determination of the parties' rights.

## COUNT I – INJUNCTIVE RELIEF

29.    Plaintiffs hereby incorporate and adopts paragraphs 1-28 as if herein copied verbatim.

30.    Tennessee Rules of Civil Procedure Rule 65 provides, in pertinent part:

**A temporary injunction may be granted during the pendency of an action if it is clearly shown… that the movant's rights are being or will be violated by an adverse party and the movant will suffer irreparable injury, loss or damage pending a final judgment in the action.**

31.    Plaintiffs have formally disputed the debts alleged by the Defendants and the Defendants have failed and/or refused to verify the alleged debts related to the DOT.

32.    SN has knowingly and willingly violated the Fair Debt Collection act by failing to provide the debt verifications requested by Plaintiff's related to the DOT.

33.    SCIG Trust and SN has knowingly committed perjury in the United States Bankruptcy Court in the Western District of Tennessee by claiming SCIG Trust had been assigned the DOT when, in fact, there was no assignment.

34.    SN has returned payments made by the Plaintiffs and prevented further payments from being made by the Plaintiffs and now has the audacity to attempt a foreclose on the DOT claiming non-payment by the Plaintiffs and continuing to charge late fees.

35.    Plaintiffs have substantial equity in the Property and could re-finance the related loan thereby resolving any indebtedness if SN would simply provide a true and accurate accounting which it refuses and/or cannot provide.

36.    SN has set an auction date of June 24, 2020 to foreclose on the Plaintiffs'; ownership interest and transfer title from the Plaintiffs.

37.    Foreclosure on the DOT at this present time would violate the Plaintiffs' rights – a violation which will cause Plaintiffs to suffer extreme, immediate and irreparable loss and injury.

38.    It is just and proper that the Court enter a Temporary Restraining Order, and thereafter a Temporary Injunction prohibiting Defendants and/or their agents, employees or assigns from conducting any foreclosure sale affecting the Property and Plaintiffs rights to the Property.

### COUNT II – BREACH OF CONTRACT

39.    Plaintiffs hereby incorporate and adopts paragraphs 1-38 as if herein copied verbatim.

40.    Defendants initiation of foreclosure proceedings constitutes a breach of the terms and conditions of the DOT because the Defendants are attempting to base the foreclosure on unproven, unknown and arbitrary charges not supported by the DOT.

41.    The breach of contract committed by the Defendants has caused the Plaintiffs to incur ongoing and substantial economic damages.

### COUNT III – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

42.    Plaintiffs hereby incorporate and adopts paragraphs 1-41 as if herein copied verbatim.

43.    There is a Covenant of Good Faith and Fair Dealing between Plaintiffs and SCIG Trust by virtue of them being parties to the DOT.

44.    The Defendants have failed to address in any way or account for misapplication of funds, improper and unfounded charges and instead attempt to proceed to with the foreclosure of the Property; thereby, breaching the Covenant of Good Faith and Fair Dealing.

45.    Defendants are fully aware of the disputed charges and the fact that the Defendants have yet to provide Plaintiffs an accounting that is true, complete and accurate.

46.     The Defendants breach of the Covenant of Good Faith and Fair Dealing has caused the Plaintiffs ongoing and substantial economic damages.

## COUNT IV – VIOLATIONS OF THE FAIR DEBT COLLECTION ACT

47.     Plaintiffs hereby incorporate and adopts paragraphs 1-46 as if herein copied verbatim.

48.     Defendants debt collection efforts instigated during the Plaintiffs active Bankruptcy violated various provisions of the Fair Debt Collection Act ("FDCPA").

49.     Pursuant to 15 US.C §1692(e), a debt collector may not use false, deceptive, or misleading representations or means in connection with the collection of any debt. The Defendants informed the Plaintiffs that SCIG Trust was assigned the DOT in April of 2018 and all communications and related monies should be forwarded to SN. This communication was demonstrably false.

50.     Pursuant to 15 US.C §1692(g), upon notification of a dispute by a debtor the debt collector shall obtain and provide verification of the debt to the debtor. The Plaintiffs have disputed the alleged debts and requested verification of same from the Defendants on multiple occasions. To date, the Defendants have failed and/or refused to provide such verification and continue to pursue foreclosure of the related Property based upon these unverified and disputed amounts.

51.     The Defendants are liable to the Plaintiffs for the actions that violated the FDCPA which include the specified actual damages, statutory damages, costs and attorney fees pursuant to the 15 US.C §1692, et seq.

## COUNT V – VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

52.     Plaintiffs hereby incorporate and adopts paragraphs 1-51 as if herein copied

53.     The Defendants misrepresented to the Plaintiffs how and when the Defendants obtained rights to the DOT.

54.     The Defendants misrepresented how much the Plaintiffs owe in relation to the DOT.

55.     The Defendants have failed and/or refuse to provide accountings to the Plaintiffs while seeking to foreclose on the Property related to the DOT.

56.     The Defendants have returned and refused to accept payments by the Plaintiffs while continuing to charge late fees for the payments the Defendants refuse to accept.

57.     The Plaintiffs have been financially harmed and continues to incur financial damages by the Defendants intentional, reckless and fraudulent misrepresentations because of the actions of the Defendants.

## COUNT VI – 12 U.S.C §2601 (RESPA)

58.     Plaintiffs hereby incorporate and adopts paragraphs 1-57 as if herein copied verbatim.

59.     12 U.S.C. §2601, et seq., otherwise known as "RESPA", requires that mortgage servicers respond in certain time frames and in certain manners when a borrower requests information and/or asserts that an error occurred in relation to the servicing of a mortgage.

60.     The Plaintiffs made repeated inquiries and disputes concerning the allocation of funds, unknown and unverified charges, and unsubstantiated rate changes. Said inquires

constitute Notices of Error ("NOE") and Qualified Written Requests ("QWR") as set forth in RESPA.

61.     The Defendants refusal and/or failure to properly respond to the Plaintiffs requests constitute a violation of RESPA; thus, the Defendants are liable to the Plaintiffs for said violations.

62.     The Defendants are liable to the Plaintiffs for the actions that violated RESPA which include the specified actual damages, statutory damages, costs and attorney fees pursuant to the 15 US.C §2601, et seq.

**WHEREFORE,** Plaintiff prays for the following:

1.     That service of process be issued and served upon Defendants;

2.     That preliminary and permanent injunctions issue restraining SCIG Trust, their officers, agents, employees, successors, or assigns and the Trustee from further publishing or undertaking any efforts toward foreclosing on the Property pursuant to the DOT;

3.     That jury of Shelby County Citizens be empaneled to act as the finder of fact in this matter;

4.     That Plaintiffs have and recover from the Defendants damages for breach of the contract;

5.     That Plaintiffs have and recover from the Defendants damages, compensatory and punitive, attorney fees and all discretionary costs associated with this cause for the violations of the Tennessee Consumer Protection Act;

6.      That Plaintiffs have and recover from the Defendants damages, compensatory and punitive, attorney fees and all discretionary costs associated with this cause for the violations of the Fair Debt Collection Act;

7.      That Plaintiffs have and recover from the Defendants damages, compensatory and punitive, attorney fees and all discretionary costs associated with this cause for the violations of the RESPA;

8.      That Plaintiffs reserve the right to amend this Complaint to conform to facts as they develop;

9.      That Plaintiffs have such other and further relief to which it is entitled.

*10.  That the Chancery Court Clerk issue a Notice of Lien Lis pendus.*

**THIS IS THE FIRST APPLICATION FOR INJUNCTIVE RELIEF IN THIS CAUSE.**

Respectfully submitted,

HARKAVY SHAINBERG KAPLAN
& DUNSTAN PLC

By: _____
     Derek E. Whitlock(#29927)
Attorneys for Plaintiff
6060 Poplar Ave, Ste 140
Memphis TN  38119
(901) 761-1263
dwhitlock@harkavyshainberg.com

## **VERIFICATION**

I, Donal M. McDonagh, having first been duly sworn, and being authorized to make this statement, do make oath that I am an adult citizen competent to testify to the matters stated herein, that I have read the foregoing Verified Complaint, and that based on my personal knowledge, the facts stated in the Verified Complaint are true.

By: _____
Donal M. McDonagh

Sworn to and subscribed before me this 22 day of _____June_____ , 2020.

_____
Notary Public

My Commission Expires:

I, Michele R. McDonagh, having first been duly sworn, and being authorized to make this statement, do make oath that I am an adult citizen competent to testify to the matters stated herein, that I have read the foregoing Verified Complaint, and that based on my personal knowledge, the facts stated in the Verified Complaint are true.

By: _____
Michele R. McDonagh

Sworn to and subscribed before me this 22 day of _____June_____ , 2020.

_____
Notary Public

14

*CH- 20-0741-3*

## FIAT

TO THE CLERK AND MASTER OF THE CHANCERY COURT AT SHELBY COUNTY:

Issue a Temporary Restraining Order prohibiting SCIG Series III Trust their officers, agents, employees, successors, or assigns and the Substitute Trustee from further publishing or undertaking any efforts toward foreclosing on the Property and gives Notice of a hearing on Petitioner's Petition for Temporary Injunction and to enjoin any further foreclosure proceeding as to the Property located at 2416 Sanders Ridge, Germantown, Tennessee and to set this matter for hearing on the ___14th___ day of ___July___ at ___11:45___ o'clock ___A___ M.

Zoom ← Bond is set at $ ___500.00/us___

_____
CHANCELLOR

DATE: ___06 - 24 - 2020___
___10:15 a.m.___

## CERTIFICATE OF SERVICE

I hereby certify that on this, the ___24___ day of ___June___, 2020, a copy of the foregoing Petition for Temporary Injunction was served via first class mail, postage prepaid upon:

SCIG Series III Trust                     U.S Bank Trust National Association
C/O – Trustee - U.S Bank Trust National Association    300 East Delaware Avenue, 8th Floor
300 East Delaware Avenue, 8th Floor       Wilmington, Delaware 19801
Wilmington, Delaware 19801

SN Servicing Corporation
C/O - Registered Agent -The Prentice-Hall Corporation System, Inc.
2908 Poston Avenue
Nashville, Tennessee 37203-1312.

Edward D. Russell, Esq, - Substitute Trustee
8 Cadillac Dr., Ste. 120, Creekside Crossing III
Brentwood, TN 37027

_____
Derek E. Whitlock

15

EXHIBIT I

# United States Bankruptcy Court
## Western District of Tennessee

In re   **Donal Martin McDonagh**
**Michele Rawls McDonagh** _____

Debtor(s)

Case No. _____

Chapter   **13** _____

## CHAPTER 13 PLAN
### (INDIVIDUAL ADJUSTMENT OF DEBTS)

| | | | | | | |
|---|---|---|---|---|---|---|
| DEBTOR(S): | (H) Donal Martin McDonagh | | | S.S.# **xxx-xx-4108** | | |
| | (W) Michele Rawls McDonagh | | | S.S.# **xxx-xx-1120** | | |
| ADDRESS: | **2416 Sanders Ridge** | | | | | |
| | **Germantown, TN 38138-6144** | | | | | |

PLAN PAYMENT:
PAYROLL DEDUCTION:

Debtor(s) to pay $ **1,550.00** (monthly)

OR (X) DIRECT PAY _____

BECAUSE: **Debtor's commission amounts are not consistent**

FIRST PAYMENT DATE: **Upon notice**

PLACE OF EMPLOYMENT: **Konica Minolta Business Solutions**      **Spouse's Employer: Turas, LLC**

ADMINISTRATIVE: Pay filing fee, Trustee's fee, and debtor's attorney fee, pursuant to Court Order.

| | | | MONTHLY PLAN PMT. |
|---|---|---|---|
| AUTO INSURANCE: | (X) Not included in Plan  ( ) Included in Plan | $ | -NONE- |
| CHILD SUPPORT: | Future support through Plan to _____ | $ | -NONE- |
| | Child support arrearage amount _____ | $ | |
| PRIORITY CREDITORS: | -NONE- | $ | -NONE- |

HOME MORTGAGE: If no arrearage, ongoing payments are to be paid directly by the debtor(s).

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Trust One Bank (Secured by 2416 Sanders Ridge)** | Ongoing pmt. Begin _____ | | | | | $ | **CURRENT** |
| | Approx. arrearage | **0.00** | Interest | **0.00** | % | $ | 0.00 |
| **Trust One Bank (Secured by 2416 Sanders Ridge)** | Ongoing pmt. Begin _____ | | | | | $ | **CURRENT** |
| | Approx. arrearage | **0.00** | Interest | **0.00** | % | $ | 0.00 |
| **Trust One Bank (Secured by 2416 Sanders Ridge)** | Ongoing pmt. Begin _____ | | | | | $ | **CURRENT** |
| | Approx. arrearage | **0.00** | Interest | **0.00** | % | $ | 0.00 |

| SECURED CREDITORS; (retain lien 11 U.S.C. Sec. 1325{a}{5}) | VALUE COLLATERAL | | RATE OF INTEREST | | MONTHLY PLAN PMT. | |
|---|---|---|---|---|---|---|
| **Chase Auto Finance Corp. (Secured by 2008 Chevrolet Suburban VIN: 3GNFC16J48G169587)** | $ | **9,358.53** | **5.00** | % | $ | **250.00** |
| Shelby County Trustee (Germantown taxes) | $ | **4,325.60** | **12.00** | % | $ | **100.00** |
| Shelby County Trustee | $ | **30,198.76** | **12.00** | % | $ | **700.00** |

UNSECURED CREDITORS:   Absent a specific court order otherwise, all claims, other than those specifically provided for above, shall be paid as general unsecured debts.  Pay **TBD** % of these claims after above claims are paid or pay all disposable income for term of plan;

ESTIMATED TOTAL UNSECURED, NON-PRIORITY DEBT: **$234,070.00** _____

TERMINATION:   Plan shall terminate upon payment of the above, approximately **60** months.

**Rejected Leases**
**-NONE-:**
**Assumed Leases**
**-NONE-:**
*ADEQUATE PROTECTION PAYMENT WILL BE 1/4 (25%) OF PROPOSED CREDITOR MONTHLY PAYMENT.
FAILURE TO FILE TIMELY WRITTEN OBJECTION TO CONFIRMATION WILL BE DEEMED ACCEPTANCE OF PLAN.

DEBTOR'S ATTORNEY:

**J. D. Gentry**
**Gentry, Arnold & Mitchell, PLLC**
**5100 Poplar Avenue, Suite 2008**
**Memphis, TN 38137-2008**
**(901) 591-8800 Fax: (888) 492-4905**
**JGentry@GAMattorneys.com**

# Western District of Tennessee
# Claims Register

## 12-27642 Donal Martin McDonagh and Michele Rawls McDonagh Closed 07/13/2018

| | |
|---|---|
| **Judge:** David S. Kennedy | **Chapter:** 13 |
| **Office:** Memphis | **Last Date to file claims:** |
| **Trustee:** George W. Stevenson Chapter 13 | **Last Date to file (Govt):** |

| Creditor: (30705106)<br>Shelby County Trustee<br>P.O. Box 2751<br>Memphis, TN 38101-2751 | **Claim No: 1**<br>Original Filed Date: 07/24/2012<br>Original Entered Date: 07/24/2012<br>Last Amendment Filed: 11/18/2014<br>Last Amendment Entered: 11/18/2014 | Status:<br>Filed by: CR<br>Entered by: Kitricia Jackson<br>Modified: |
|---|---|---|

| Amount | claimed: | $17977.17 | |
|---|---|---|---|
| Secured | claimed: | $17977.17 | |

| History: | | | |
|---|---|---|---|
| Details | 1-1 | 07/24/2012 | Claim #1 filed by Shelby County Trustee, Amount claimed: $30198.76 (Jackson, Kitricia) |
| Details | 1-2 | 11/18/2014 | Amended Claim #1 filed by Shelby County Trustee, Amount claimed: $17977.17 (Jackson, Kitricia) |
| | 150 | 10/24/2017 | Withdrawal Of Claim 1 of Shelby County Trustee in the amount of $ 17977.17 *is withdrawn*. Filed by Elijah Noel Jr. on behalf of Creditor Shelby County Trustee. (Noel, Elijah) |

| Description: (1-1) Parcel G0231S0D000060<br>(1-2) Parcel G0231S0D000060 |
|---|

| Remarks: (1-1) 2010 to 2012 taxes<br>(1-2) 2011 and 2012 taxes |
|---|

| Creditor: (30708995)<br>Discover Personal Loans<br>PO BOX 30954<br>Salt Lake City , Utah 84130 | **Claim No: 2**<br>Original Filed Date: 07/25/2012<br>Original Entered Date: 07/25/2012 | Status:<br>Filed by: CR<br>Entered by: Nathan Gillins<br>Modified: |
|---|---|---|

| Amount | claimed: | $14333.95 | |
|---|---|---|---|

| History: | | | |
|---|---|---|---|
| Details | 2-1 | 07/25/2012 | Claim #2 filed by Discover Personal Loans, Amount claimed: $14333.95 (Gillins, Nathan) |

| Description: |
|---|

| Remarks: |
|---|

| Creditor: (30711912)<br>Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Claim No: 3<br>Original Filed Date: 07/27/2012<br>Original Entered Date: 07/27/2012 | Status:<br>Filed by: CR<br>Entered by: Darlene Slusher<br>Modified: |
|---|---|---|

Amount claimed: $14833.64

History:

| Details | | 3-1 | 07/27/2012 | Claim #3 filed by Discover Bank, Amount claimed: $14833.64 (Slusher, Darlene) |
|---|---|---|---|---|

Description:

Remarks:

| Creditor: (30711912)<br>Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Claim No: 4<br>Original Filed Date: 07/27/2012<br>Original Entered Date: 07/27/2012 | Status:<br>Filed by: CR<br>Entered by: Darlene Slusher<br>Modified: |
|---|---|---|

Amount claimed: $6052.13

History:

| Details | | 4-1 | 07/27/2012 | Claim #4 filed by Discover Bank, Amount claimed: $6052.13 (Slusher, Darlene) |
|---|---|---|---|---|

Description:

Remarks:

| Creditor: (30714122)<br>Wells Fargo Bank, N.A.<br>Business Direct Division<br>P.O. Box 29482<br>Phoenix, AZ 85038-8650 | Claim No: 5<br>Original Filed Date: 07/30/2012<br>Original Entered Date: 07/30/2012 | Status:<br>Filed by: CR<br>Entered by: Eva Norero<br>Modified: |
|---|---|---|

Amount claimed: $25987.40

History:

| Details | | 5-1 | 07/30/2012 | Claim #5 filed by Wells Fargo Bank, N.A., Amount claimed: $25987.40 (Norero, Eva) |
|---|---|---|---|---|

Description: (5-1) 166732934

Remarks:

| Creditor:         (30714122)<br>Wells Fargo Bank, N.A.<br>Business Direct Division<br>P.O. Box 29482<br>Phoenix, AZ 85038-8650 | Claim No: 6<br>Original Filed Date: 07/30/2012<br>Original Entered Date: 07/30/2012 | Status:<br>Filed by: CR<br>Entered by: Eva Norero<br>Modified: |
|---|---|---|

| Amount | claimed: | $25304.41 | |
|---|---|---|---|

*History:*

| Details | 6-1 | 07/30/2012 | Claim #6 filed by Wells Fargo Bank, N.A., Amount claimed: $25304.41 (Norero, Eva) |
|---|---|---|---|

*Description:* (6-1) 166733993

*Remarks:*

| Creditor:         (30714122)<br>Wells Fargo Bank, N.A.<br>Business Direct Division<br>P.O. Box 29482<br>Phoenix, AZ 85038-8650 | Claim No: 7<br>Original Filed Date: 07/31/2012<br>Original Entered Date: 07/31/2012 | Status:<br>Filed by: CR<br>Entered by: Eva Norero<br>Modified: |
|---|---|---|

| Amount | claimed: | $28477.00 | |
|---|---|---|---|

*History:*

| Details | 7-1 | 07/31/2012 | Claim #7 filed by Wells Fargo Bank, N.A., Amount claimed: $28477.00 (Norero, Eva) |
|---|---|---|---|

*Description:* (7-1) 170473412

*Remarks:*

| Creditor:         (30715528)<br>Department Stores National Bank/Macys<br>Bankruptcy Processing<br>Po Box 8053<br>Mason, OH 45040 | Claim No: 8<br>Original Filed Date: 07/31/2012<br>Original Entered Date: 07/31/2012 | Status:<br>Filed by: CR<br>Entered by: Stacy Suire<br>Modified: |
|---|---|---|

| Amount | claimed: | $3545.96 | |
|---|---|---|---|
| Secured | claimed: | $0.00 | |
| Priority | claimed: | $0.00 | |

*History:*

| Details | 8-1 | 07/31/2012 | Claim #8 filed by Department Stores National Bank/Macys, Amount claimed: $3545.96 (Suire, Stacy) |
|---|---|---|---|

*Description:* (8-1) Credit Card

*Remarks:*

| Creditor:　　(30724835)<br>First Tennessee Bank National Association<br>P.O. Box 1469<br>Knoxville, TN 37901 | Claim No: 9<br>Original Filed Date: 08/07/2012<br>Original Entered Date: 08/07/2012 | Status:<br>Filed by: CR<br>Entered by: Ron Vassallo<br>Modified: |
|---|---|---|

| Amount | claimed: | $46202.09 | ‖‖ |
|---|---|---|---|
| Secured | claimed: | $0.00 | ‖‖ |
| Priority | claimed: | $0.00 | ‖‖ |

| History: | | |
|---|---|---|
| Details | 9-1 | 08/07/2012 Claim #9 filed by First Tennessee Bank National Association, Amount claimed: $46202.09 (Vassallo, Ron) |

Description:

Remarks:

| Creditor:　　(30724835)<br>First Tennessee Bank National Association<br>P.O. Box 1469<br>Knoxville, TN 37901 | Claim No: 10<br>Original Filed Date: 08/07/2012<br>Original Entered Date: 08/07/2012 | Status:<br>Filed by: CR<br>Entered by: Ron Vassallo<br>Modified: |
|---|---|---|

| Amount | claimed: | $11673.72 | ‖‖ |
|---|---|---|---|
| Secured | claimed: | $0.00 | ‖‖ |
| Priority | claimed: | $0.00 | ‖‖ |

| History: | | |
|---|---|---|
| Details | 10-1 | 08/07/2012 Claim #10 filed by First Tennessee Bank National Association, Amount claimed: $11673.72 (Vassallo, Ron) |

Description:

Remarks:

| Creditor:　　(30730694)<br>ELAN FINANCIAL SERVICES<br>AS SERVICER FOR CARDMEMBER SERVICE<br>BANKRUPTCY DEPARTMENT<br>P.O. BOX 5229<br>CINCINNATI, OH 45201-5229 | Claim No: 11<br>Original Filed Date: 08/13/2012<br>Original Entered Date: 08/13/2012 | Status:<br>Filed by: CR<br>Entered by: Tina Secrest<br>Modified: |
|---|---|---|

| History: | | |
|---|---|---|
| Details | 11-1 | 08/13/2012 Claim #11 filed by ELAN FINANCIAL SERVICES, Amount claimed: $12127.10 (Secrest, Tina) |
| | 37 | 02/12/2013 Assignment/Transfer Of Claim 11 Filed by Creditor PRA Receivables Management, LLC. (Attachments: # 1 Limited Power of Attorney in Connection With Transfer of Loans Involving Bankruptcy Proceedings)(Garcia, Dolores) |

Description: (11-1) CC 9340

Remarks:

| Amount | claimed: | $12127.10 | |||

| History: | | | |
|---|---|---|---|
| Details | 11-1 | 08/13/2012 | Claim #11 filed by ELAN FINANCIAL SERVICES, Amount claimed: $12127.10 (Secrest, Tina) |
| | 37 | 02/12/2013 | Assignment/Transfer Of Claim 11 Filed by Creditor PRA Receivables Management, LLC. (Attachments: # 1 Limited Power of Attorney in Connection With Transfer of Loans Involving Bankruptcy Proceedings)(Garcia, Dolores) |

Description: (11-1) CC 9340

Remarks:

---

| Creditor:    (30738159)<br>JPMorgan Chase Bank, N.A.<br>201 N Central Ave 11th Fl<br>Phoenix, AZ 85004 | Claim No: 12<br>Original Filed Date: 08/18/2012<br>Original Entered Date: 08/18/2012 | Status:<br>Filed by: CR<br>Entered by: Drissila Land<br>Modified: |
|---|---|---|

| Amount | claimed: | $9642.71 | |||
| Secured | claimed: | $9642.71 | |||

| History: | | | |
|---|---|---|---|
| Details | 12-1 | 08/18/2012 | Claim #12 filed by JPMorgan Chase Bank, N.A., Amount claimed: $9642.71 (Land, Drissila) |

Description: (12-1) 2008 Chevrolet Suburban

Remarks: (12-1) plus 4.6400% interest

---

| Creditor:    (30740457)<br>American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Claim No: 13<br>Original Filed Date: 08/21/2012<br>Original Entered Date: 08/21/2012 | Status:<br>Filed by: CR<br>Entered by: Thomas A Lee, III<br>Modified: |
|---|---|---|

| Amount | claimed: | $32266.06 | |||

| History: | | | |
|---|---|---|---|
| Details | 13-1 | 08/21/2012 | Claim #13 filed by American Express Bank, FSB, Amount claimed: $32266.06 (Lee, Thomas) |

Description: (13-1) CREDIT CARD DEBT

Remarks:

---

| Creditor:    (30724835) | Claim No: 14 | Status: |
|---|---|---|

| First Tennessee Bank National Association<br>P.O. Box 1469<br>Knoxville, TN 37901 | Original Filed Date: 08/28/2012<br>Original Entered Date: 08/28/2012 | Filed by: CR<br>Entered by: Ron Vassallo<br>Modified: |
|---|---|---|

| Amount | claimed: | $3127.19 | ‖‖‖ |
|---|---|---|---|
| Secured | claimed: | $0.00 | ‖‖‖ |
| Priority | claimed: | $0.00 | ‖‖‖ |

*History:*

| Details | | 14-1 | 08/28/2012 | Claim #14 filed by First Tennessee Bank National Association, Amount claimed: $3127.19 (Vassallo, Ron) |
|---|---|---|---|---|

*Description:*

*Remarks:*

---

| Creditor:    (30805133)<br>AZUREA I, LLC<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121 | Claim No: 15<br>Original Filed Date: 10/13/2012<br>Original Entered Date: 10/13/2012 | Status:<br>Filed by: CR<br>Entered by: Richard S. Ralston<br>Modified: |
|---|---|---|

| Amount | claimed: | $2845.37 | ‖‖‖ |
|---|---|---|---|

*History:*

| Details | | 15-1 | 10/13/2012 | Claim #15 filed by AZUREA I, LLC, Amount claimed: $2845.37 (Ralston, Richard) |
|---|---|---|---|---|

*Description:*

*Remarks:*

---

| Creditor:    (30837008)<br>Portfolio Recovery Associates, LLC<br>PO Box 41067<br>Norfolk VA 23541 | Claim No: 16<br>Original Filed Date: 11/09/2012<br>Original Entered Date: 11/09/2012 | Status:<br>Filed by: CR<br>Entered by: Stephanie Landry<br>Modified: |
|---|---|---|

| Amount | claimed: | $5266.75 | ‖‖‖ |
|---|---|---|---|

*History:*

| Details | | 16-1 | 11/09/2012 | Claim #16 filed by Portfolio Recovery Associates, LLC, Amount claimed: $5266.75 (Landry, Stephanie) |
|---|---|---|---|---|

*Description:*

*Remarks:*

| Creditor:          (30844078)<br>Trust One Bank, a division of Synovus Bank<br>Attn: Douglas M. Alrutz<br>1715 Aaron Brenner Drive, Suite 800<br>Memphis, TN 38120 | Claim No: 17<br>Original Filed Date: 11/15/2012<br>Original Entered Date: 11/15/2012 | Status:<br>Filed by: CR<br>Entered by: Douglas M. Alrutz<br>Modified: |
|---|---|---|

| Amount | claimed: | $578884.18 | |||
|---|---|---|---|
| Secured | claimed: | $578884.18 | |||

| History: | | | |
|---|---|---|---|
| Details | 17-1 | 11/15/2012 | Claim #17 filed by Trust One Bank, a division of Synovus Bank, Amount claimed: $578884.18 (Alrutz, Douglas) |
| | 29 | 11/16/2012 | Notification Of Deficient Claim RE: Claim 17 Filed By Trust One Bank due to Claim Still In Fillable Format. (djw) |

Description: (17-1) Acct. 1653

Remarks:

| Creditor:          (30844078)<br>Trust One Bank, a division of Synovus Bank<br>Attn: Douglas M. Alrutz<br>1715 Aaron Brenner Drive, Suite 800<br>Memphis, TN 38120 | Claim No: 18<br>Original Filed Date: 11/15/2012<br>Original Entered Date: 11/15/2012 | Status:<br>Filed by: CR<br>Entered by: Douglas M. Alrutz<br>Modified: |
|---|---|---|

| Amount | claimed: | $63134.84 | |||
|---|---|---|---|
| Secured | claimed: | $63134.84 | |||

| History: | | | |
|---|---|---|---|
| Details | 18-1 | 11/15/2012 | Claim #18 filed by Trust One Bank, a division of Synovus Bank, Amount claimed: $63134.84 (Alrutz, Douglas) |
| | 30 | 11/16/2012 | Notification Of Deficient Claim RE: Claim 18 Filed By Trust One Bank due to Claim Still In The Fillable Format. (djw) |

Description: (18-1) Acct. 8112

Remarks:

| Creditor:          (30844078)<br>Trust One Bank, a division of Synovus Bank<br>Attn: Douglas M. Alrutz<br>1715 Aaron Brenner Drive, Suite 800<br>Memphis, TN 38120 | Claim No: 19<br>Original Filed Date: 11/15/2012<br>Original Entered Date: 11/15/2012 | Status:<br>Filed by: CR<br>Entered by: Douglas M. Alrutz<br>Modified: |
|---|---|---|

| History: | | | |
|---|---|---|---|
| Details | 19-1 | 11/15/2012 | Claim #19 filed by Trust One Bank, a division of Synovus Bank, Amount claimed: $64469.18 (Alrutz, Douglas) |
| | 31 | 11/16/2012 | Notification Of Deficient Claim RE: Claim 19 Filed By Trust One Bank due to Claim Still In The Fillable Format. (djw) |

Description: (19-1) Acct. 8114

Remarks:

| Amount | claimed: | $64469.18 | | |
|---|---|---|---|---|

**History:**

| Details | | 19-1 | 11/15/2012 | Claim #19 filed by Trust One Bank, a division of Synovus Bank, Amount claimed: $64469.18 (Alrutz, Douglas) |
|---|---|---|---|---|
| | | 31 | 11/16/2012 | Notification Of Deficient Claim RE: Claim 19 Filed By Trust One Bank due to Claim Still In The Fillable Format. (djw) |

Description: (19-1) Acct. 8114

Remarks:

---

| Creditor:        (30844078)<br>Trust One Bank, a division of Synovus Bank<br>Attn: Douglas M. Alrutz<br>1715 Aaron Brenner Drive, Suite 800<br>Memphis, TN 38120 | Claim No: 20<br>Original Filed Date: 11/15/2012<br>Original Entered Date: 11/15/2012 | Status:<br>Filed by: CR<br>Entered by: Douglas M. Alrutz<br>Modified: |
|---|---|---|

| Amount | claimed: | $94396.80 | | |
|---|---|---|---|---|

**History:**

| Details | | 20-1 | 11/15/2012 | Claim #20 filed by Trust One Bank, a division of Synovus Bank, Amount claimed: $94396.80 (Alrutz, Douglas) |
|---|---|---|---|---|
| | | 32 | 11/16/2012 | Notification Of Deficient Claim RE: Claim 20 Filed By Trust One Bank due to Claim Still In the Fillable Format. (djw) |

Description: (20-1) Acct. 8115

Remarks:

---

| Creditor:        (30844078)<br>Trust One Bank, a division of Synovus Bank<br>Attn: Douglas M. Alrutz<br>1715 Aaron Brenner Drive, Suite 800<br>Memphis, TN 38120 | Claim No: 21<br>Original Filed Date: 11/16/2012<br>Original Entered Date: 11/16/2012 | Status:<br>Filed by: CR<br>Entered by: Douglas M. Alrutz<br>Modified: |
|---|---|---|

| Amount | claimed: | $578884.18 | | |
|---|---|---|---|---|
| Secured | claimed: | $578884.18 | | |

**History:**

| Details | | 21-1 | 11/16/2012 | Claim #21 filed by Trust One Bank, a division of Synovus Bank, Amount claimed: $578884.18 (Alrutz, Douglas) |
|---|---|---|---|---|
| | | 118 | 04/22/2016 | Assignment/Transfer Of Claim 21 Fee Amount Due $25 Filed by Douglas M. Alrutz on behalf of Creditor WestVue NPL Trust. (Alrutz, Douglas) |
| | | 153 | 12/26/2017 | Assignment/Transfer Of Claim 21 Fee Amount Due $25 Filed by Counter-Defendant Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely in its capacity as Certificate Trustee for NNPL Trust Series 2012-1. (Lebiedziewicz, Barbara) |
| | | doc | 12/27/2017 | Notice of Postpetition Mortgage Fees, Expenses, and Charges (Claim # 21) with Certificate of Service Filed by Counter-Defendant Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely in its capacity as Certificate Trustee for NNPL Trust Series 2012-1 Filed by Counter-Defendant Wilmington Savings Fund Society, FSB, d/b/a |

| | | | | |
|---|---|---|---|---|
| | | | Christiana Trust, not in its individual capacity but solely in its capacity as Certificate Trustee for NNPL Trust Series 2012-1. (Lebiedziewicz, Barbara) | |
| | | 160 | 05/02/2018 | Notice of Postpetition Mortgage Fees, Expenses, and Charges (Claim # 21) with Certificate of Service Filed by Creditor SN Servicing Corporation Filed by Creditor SN Servicing Corporation. (Gupta, Ankita) |
| | | 161 | 05/17/2018 | Assignment/Transfer Of Claim 21 Fee Amount Due $25 Filed by Creditor US Bank Trust National Association, as Trustee of the SCIG Series III Trust. (Attachments: # 1 Notice of Transfer of Claim Other Than For Security)(Ghidotti, Michelle) |
| | | 166 | 05/31/2018 | Notice of Mortgage Payment Change (Claim # 21) with Certificate of Service Filed by Creditor US Bank Trust National Association, as Trustee of the SCIG Series III Trust. (Lynch, Megan) |

*Description:* (21-1) Acct. 1653

*Remarks:*

---

| *Creditor:*    (30844078)<br>Trust One Bank, a division of Synovus Bank<br>Attn: Douglas M. Alrutz<br>1715 Aaron Brenner Drive, Suite 800<br>Memphis, TN 38120 | **Claim No: 22**<br>*Original Filed Date:* 11/16/2012<br>*Original Entered Date:* 11/16/2012 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Douglas M. Alrutz<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $63134.84 | |||
|---|---|---|---|
| Secured | claimed: | $63134.84 | |||

*History:*

| Details | | 22-1 | 11/16/2012 | Claim #22 filed by Trust One Bank, a division of Synovus Bank, Amount claimed: $63134.84 (Alrutz, Douglas) |
|---|---|---|---|---|

*Description:* (22-1) Acct. 8112

*Remarks:*

---

| *Creditor:*    (30844078)<br>Trust One Bank, a division of Synovus Bank<br>Attn: Douglas M. Alrutz<br>1715 Aaron Brenner Drive, Suite 800<br>Memphis, TN 38120 | **Claim No: 23**<br>*Original Filed Date:* 11/16/2012<br>*Original Entered Date:* 11/16/2012 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Douglas M. Alrutz<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $64469.18 | |||
|---|---|---|---|

*History:*

| Details | | 23-1 | 11/16/2012 | Claim #23 filed by Trust One Bank, a division of Synovus Bank, Amount claimed: $64469.18 (Alrutz, Douglas) |
|---|---|---|---|---|
| | | 119 | 04/22/2016 | Assignment/Transfer Of Claim 23 Fee Amount Due $25 Filed by Douglas M. Alrutz on behalf of Creditor WestVue NPL Trust. (Alrutz, Douglas) |

*Description:* (23-1) Acct. 8114

*Remarks:*

| Creditor: (30844078)<br>Trust One Bank, a division of Synovus Bank<br>Attn: Douglas M. Alrutz<br>1715 Aaron Brenner Drive, Suite 800<br>Memphis, TN 38120 | Claim No: 24<br>Original Filed Date: 11/16/2012<br>Original Entered Date: 11/16/2012 | Status:<br>Filed by: CR<br>Entered by: Douglas M. Alrutz<br>Modified: |
|---|---|---|

Amount claimed: $94396.80

| History: | | | |
|---|---|---|---|
| Details | 24-1 | 11/16/2012 | Claim #24 filed by Trust One Bank, a division of Synovus Bank, Amount claimed: $94396.80 (Alrutz, Douglas) |
| | 120 | 04/22/2016 | Assignment/Transfer Of Claim 24 Fee Amount Due $25 Filed by Douglas M. Alrutz on behalf of Creditor WestVue NPL Trust. (Alrutz, Douglas) |

Description: (24-1) Acct. 8115

Remarks:

| Creditor: (30901904)<br>CAMPBELL CLINIC (ATHENA)<br>Revenue Recovery Corporation<br>PO Box 50250<br>Knoxville, TN 37950-0250 | Claim No: 25<br>Original Filed Date: 01/11/2013<br>Original Entered Date: 01/11/2013 | Status:<br>Filed by: CR<br>Entered by: Bethany Strahler<br>Modified: |
|---|---|---|

Amount claimed: $35.00

| History: | | | |
|---|---|---|---|
| Details | 25-1 | 01/11/2013 | Claim #25 filed by CAMPBELL CLINIC (ATHENA), Amount claimed: $35.00 (Strahler, Bethany) |

Description:

Remarks:

| Creditor: (31001107)<br>STOP ALARMS C/O SHARP-JACKSON<br>P O BOX 280774<br>MEMPHIS, TN. 38168 | Claim No: 26<br>Original Filed Date: 04/03/2013<br>Original Entered Date: 04/03/2013 | Status:<br>Filed by: CR<br>Entered by: Howard Jackson<br>Modified: |
|---|---|---|

Amount claimed: $477.00

| History: | | | |
|---|---|---|---|
| Details | 26-1 | 04/03/2013 | Claim #26 filed by STOP ALARMS C/O SHARP-JACKSON, Amount claimed: $477.00 (Jackson, Howard) |

Description: (26-1) HOME SECUIRTY SYSTEMS BY STOP ALARMS

Remarks: (26-1) ACCOUNT 157304

| Creditor:         (31032006) | Claim No: 27 | Status: |
|---|---|---|
| Medical Financial Services | Original Filed Date: 04/29/2013 | Filed by: CR |
| 6555 Quince Rd., Suite 100 | Original Entered Date: 04/29/2013 | Entered by: Linda McPhail |
| Memphis, TN 38119 | | Modified: |

Amount claimed: $100.00 |||

*History:*

| Details | 27-1 | 04/29/2013 | Claim #27 filed by Medical Financial Services, Amount claimed: $100.00 (McPhail, Linda) |
|---|---|---|---|

*Description:* (27-1) 839023 DOCUMENTS ON FILE

*Remarks:*

---

| Creditor:         (31168841) | Claim No: 28 | Status: |
|---|---|---|
| Adrianna Papell, L.L.C. | Original Filed Date: 08/27/2013 | Filed by: CR |
| c/o Paul I Mendelson | Original Entered Date: 08/27/2013 | Entered by: Paul Mendelson |
| 799 Estate Place | | Modified: |
| Memphis, TN 38120 | | |

Amount claimed: $5233.03 |||

*History:*

| Details | 28-1 | 08/27/2013 | Claim #28 filed by Adrianna Papell, L.L.C., Amount claimed: $5233.03 (Mendelson, Paul) |
|---|---|---|---|
| | 51 | 09/11/2013 | Objection To Claim 28 by Claimant Adrianna Pepell LLC. Filed by Debtor Donal Martin McDonagh, Joint Debtor Michele Rawls McDonagh. (Gentry, James) |
| | 63 | 11/25/2013 | Order Sustaining Objection To Proof Of Claim No. 28 by James D. Gentry on behalf of Debtor Donal Martin McDonagh , Joint Debtor Michele Rawls McDonagh (related document(s):51 Objection To Claim 28 by Claimant Adrianna Pepell LLC. Filed by Debtor Donal Martin McDonagh, Joint Debtor Michele Rawls McDonagh.) (krm) |

*Description:*

*Remarks:*

---

| Creditor:         (31198782) | Claim No: 29 | Status: |
|---|---|---|
| Longchamp USA | Original Filed Date: 09/23/2013 | Filed by: CR |
| c/o Paul I. Mendelson | Original Entered Date: 09/23/2013 | Entered by: Paul Mendelson |
| 799 Estate Pl | Last Amendment Filed: 11/06/2013 | Modified: |
| Memphis, TN 38120 | Last Amendment Entered: 11/06/2013 | |

Amount claimed: $2460.51 |||

*History:*

| Details | 29-1 | 09/23/2013 | Claim #29 filed by Longchamp USA, Amount claimed: $2460.51 (Mendelson, Paul) |
|---|---|---|---|
| | 54 | 09/24/2013 | Notification Of Deficient Claim RE: Claim 29 Filed By Longchamp USA due to Case Number On The PDF Does Not Match Case Information In CM/ECF. (djw) |
| | 59 | 09/30/2013 | Objection To Claim 29 by Claimant Longchamp USA. Filed by Debtor Donal Martin McDonagh, Joint Debtor Michele Rawls |

| | | | McDonagh. (Gentry, James) |
|---|---|---|---|
| Details | 29-2 | 11/06/2013 | Amended Claim #29 filed by Longchamp USA, Amount claimed: $2460.51 (Mendelson, Paul) |
| | 62 | 11/25/2013 | Order Sustaining Objection To Proof of Claim No. 29 by James D. Gentry on behalf of Debtor Donal Martin McDonagh , Joint Debtor Michele Rawls McDonagh (related document(s):59 Objection To Claim 29 by Claimant Longchamp USA. Filed by Debtor Donal Martin McDonagh, Joint Debtor Michele Rawls McDonagh.) (krm) |

Description:

Remarks:

---

| Creditor:       (30705099)<br>City of Germantown, c/o<br>Shelby County Trustee<br>P.O. Box 2751<br>Memphis, TN 38101-2751 | Claim No: 30<br>Original Filed Date: 01/07/2014<br>Original Entered Date: 01/07/2014 | Status:<br>Filed by: CR<br>Entered by: David J. Harris<br>Modified: |
|---|---|---|

Amount claimed: $8566.36

| History: | | | |
|---|---|---|---|
| Details | 30-1 | 01/07/2014 | Claim #30 filed by City of Germantown, c/o, Amount claimed: $8566.36 (Harris, David J.) |

Description: (30-1) Taxes for 2010 ($4,221.25) and Taxes for 2011 ($4,345.11)

Remarks:

---

| Creditor:       (30705106)<br>Shelby County Trustee<br>P.O. Box 2751<br>Memphis, TN 38101-2751 | Claim No: 31<br>Original Filed Date: 06/23/2014<br>Original Entered Date: 06/23/2014<br>Last Amendment Filed: 11/18/2014<br>Last Amendment Entered: 11/18/2014 | Status:<br>Filed by: CR<br>Entered by: Kitricia Jackson<br>Modified: |
|---|---|---|

Amount claimed: $7619.33

Secured claimed: $7619.33

| History: | | | |
|---|---|---|---|
| Details | 31-1 | 06/23/2014 | Claim #31 filed by Shelby County Trustee, Amount claimed: $7060.13 (Jackson, Kitricia) |
| Details | 31-2 | 11/18/2014 | Amended Claim #31 filed by Shelby County Trustee, Amount claimed: $7619.33 (Jackson, Kitricia) |

Description: (31-1) Parcel G0231S0D000060<br>(31-2) Parcel G0231S0D000060

Remarks: (31-1) 2013 taxes<br>(31-2) 2013 taxes

| Creditor:     (30705106)<br>Shelby County Trustee<br>P.O. Box 2751<br>Memphis, TN 38101-2751 | Claim No: 32<br>Original Filed Date: 06/26/2015<br>Original Entered Date: 06/26/2015 | Status:<br>Filed by: CR<br>Entered by: Kitricia Jackson<br>Modified: |
|---|---|---|

| Amount | claimed: | $7187.60 | |
|---|---|---|---|
| Secured | claimed: | $7187.60 | |

*History:*

| Details | 32-1 | 06/26/2015 | Claim #32 filed by Shelby County Trustee, Amount claimed: $7187.60 (Jackson, Kitricia) |
|---|---|---|---|

*Description:* (32-1) Parcel G0231S0D000060

*Remarks:* (32-1) 2014 taxes

---

| Creditor:     (30705106)<br>Shelby County Trustee<br>P.O. Box 2751<br>Memphis, TN 38101-2751 | Claim No: 33<br>Original Filed Date: 04/18/2016<br>Original Entered Date: 04/18/2016 | Status:<br>Filed by: CR<br>Entered by: Kitricia Jackson<br>Modified: |
|---|---|---|

| Amount | claimed: | $7049.38 | |
|---|---|---|---|
| Secured | claimed: | $7049.38 | |

*History:*

| Details | 33-1 | 04/18/2016 | Claim #33 filed by Shelby County Trustee, Amount claimed: $7049.38 (Jackson, Kitricia) |
|---|---|---|---|

*Description:* (33-1) Parcel G0231S0D000060

*Remarks:* (33-1) 2015 taxes

---

| Creditor:     (32388823)<br>GI DIAGNOSTIC & THERAPEUTIC CENTER C/O UCS<br>PO BOX 751090<br>MEMPHIS, TN. 38175-1090 | Claim No: 34<br>Original Filed Date: 01/04/2017<br>Original Entered Date: 01/04/2017 | Status:<br>Filed by: CR<br>Entered by: Larry A White<br>Modified: |
|---|---|---|

| Amount | claimed: | $35.00 | |
|---|---|---|---|

*History:*

| Details | 34-1 | 01/04/2017 | Claim #34 filed by GI DIAGNOSTIC & THERAPEUTIC CENTER C/O UCS, Amount claimed: $35.00 (White, Larry) |
|---|---|---|---|

*Description:*

*Remarks:*

| Creditor:　　(32388824)<br>GASTRO ONE C/O UCS<br>PO BOX 751090<br>MEMPHIS, TN. 38175-1090 | **Claim No: 35**<br>Original Filed Date: 01/04/2017<br>Original Entered Date: 01/04/2017 | Status:<br>Filed by: CR<br>Entered by: Larry A White<br>Modified: |
|---|---|---|

| Amount | claimed: | $767.35 | | ‖‖ |
|---|---|---|---|---|

| History: | | | |
|---|---|---|---|
| Details | | 35-1 | 01/04/2017 | Claim #35 filed by GASTRO ONE C/O UCS, Amount claimed: $767.35 (White, Larry) |

| Description: |
|---|

| Remarks: |
|---|

---

| Creditor:　　(32388824)<br>GASTRO ONE C/O UCS<br>PO BOX 751090<br>MEMPHIS, TN. 38175-1090 | **Claim No: 36**<br>Original Filed Date: 01/04/2017<br>Original Entered Date: 01/04/2017 | Status:<br>Filed by: CR<br>Entered by: Larry A White<br>Modified: |
|---|---|---|

| Amount | claimed: | $683.78 | | ‖‖ |
|---|---|---|---|---|

| History: | | | |
|---|---|---|---|
| Details | | 36-1 | 01/04/2017 | Claim #36 filed by GASTRO ONE C/O UCS, Amount claimed: $683.78 (White, Larry) |

| Description: |
|---|

| Remarks: |
|---|

---

| Creditor:　　(32388823)<br>GI DIAGNOSTIC & THERAPEUTIC CENTER C/O UCS<br>PO BOX 751090<br>MEMPHIS, TN. 38175-1090 | **Claim No: 37**<br>Original Filed Date: 01/04/2017<br>Original Entered Date: 01/04/2017 | Status:<br>Filed by: CR<br>Entered by: Larry A White<br>Modified: |
|---|---|---|

| Amount | claimed: | $449.32 | | ‖‖ |
|---|---|---|---|---|

| History: | | | |
|---|---|---|---|
| Details | | 37-1 | 01/04/2017 | Claim #37 filed by GI DIAGNOSTIC & THERAPEUTIC CENTER C/O UCS, Amount claimed: $449.32 (White, Larry) |

| Description: |
|---|

| Remarks: |
|---|

## Claims Register Summary

**Case Name:** Donal Martin McDonagh and Michele Rawls McDonagh
**Case Number:** 12-27642
**Chapter:** 13

**Date Filed:** 07/20/2012

**Total Number Of Claims:** 37

| | |
|---|---|
| **Total Amount Claimed\*** | $1902096.31 |
| **Total Amount Allowed\*** | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | $1333514.23 | |
| **Priority** | $0.00 | |
| **Administrative** | | |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/20/2020 07:50:33 | | | |
| **PACER Login:** | hs1133:2942737:0 | **Client Code:** | |
| **Description:** | Claims Register | **Search Criteria:** | 12-27642 Creditor Type: cr Filed or Entered From: 1/1/1990 Filed or Entered To: 12/31/2020 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |



Dated: July 13, 2018
The following is ORDERED:

_____
David S. Kennedy, Chief Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## Western District of Tennessee

In re:                                          Case No.: 12−27642
**Donal Martin McDonagh**
**xxx−xx−4108**
**Michele Rawls McDonagh**

Debtor(s)

Chapter No.: 13

## ORDER APPROVING CHAPTER 13 TRUSTEE'S FINAL REPORT AND ACCOUNT; DISCHARING CHAPTER 13 TRUSTEE; AND CLOSING CHAPTER 13 CASE COMBINED WITH RELATED ORDERS AND NOTICE OF THE ENTRY THEREOF

It appears to the court that the above−named debtor(s) filed a petition and plan under chapter 13 of the Bankruptcy Code on July 20, 2012; that the chapter 13 plan of the debtors(s) has been confirmed; that the debtor(s) has completed all payments under the confirmed plan and also has complied with all related statutory provisions; that the Chapter 13 trustee has filed a final report and account; and that the estate has been fully administered. Accordingly, and based on the case record as a whole,

### IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

1. The Chapter 13 trustee's final report and account is approved.

2. The Chapter 13 trustee is discharged.

3. This Chapter 13 case is closed.

4. The Bankruptcy Court Clerk shall promptly cause a copy of this order and notice to be sent to all creditors; the United States trustee for Region 8; the Chapter 13 trustee; the debtor(s); the attorney

for the debtor(s), if applicable; and any entities who have filed a request that all notices be sent to them.

5. A party in interest may file, pursuant to Fed. R. Bankr.P. 9023, a motion with the court no later than fourteen (14) days after entry of this order seeking to vacate, alter, or amend this order.

6. If no party in interest files a motion pursuant to Fed. R. Bankr.P. 9023 LPT within fourteen (14) days after entry of this order, this order will become final on it's own terms without further notice and order.

ch13finaltr.jsp

# EXHIBIT II

**SN SERVICING CORPORATION**
323 5TH STREET
EUREKA CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. – 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

April 18, 2018

DONAL MARTIN MCDONAGH
MICHELE RAWLS MCDONAGH
2416 SANDERS RIDGE
GERMANTOWN TN  38138

RE: **New Loan Number:**
Old Loan Number:
Collateral: 2416 SANDERS RIDGE LANE; GERMANTOWN TN

## NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS

Dear Customer:

The notice, which follows, is intended to inform you that the servicing of your mortgage loan has been assigned, sold or transferred. If the above-referenced loan is a closed-end, first lien, 1-4 unit residential (e.g., homes, condominiums, cooperative units and mobile homes) mortgage loan, this notice is being provided to you under Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. §2605). When a state law requires this notice, this notice is being provided to you under state law. When neither Section 6 of RESPA nor state law requires this notice, this notice is being provided to you for your information.

You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, has been assigned, sold or transferred from Shellpoint Mortgage Servicing to SN Servicing Corporation for SCIG Series III Trust, effective April 16, 2018.

The assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing.

Your present servicer is Shellpoint Mortgage Servicing, PO Box 10826, Greenville, SC 29603-0826. If you have any questions relating to the transfer of servicing from your present servicer call Customer Service at (800) 365-7107 Monday through Friday between 8:00 a.m. and 10:00 p.m. and Saturday between 8:00 a.m. and 3:00 p.m. Eastern Time. This is a toll-free number.

Your new servicer will be **SN Servicing Corporation**.

The correspondence address for your new servicer is SN Servicing Corporation, 323 Fifth St, Eureka, CA 95501.

The toll-free telephone number of your new servicer is (800) 603-0836. If you have any questions relating to the transfer of servicing to your new servicer call Katie Greene at (800) 603-0836 Monday through Friday between 8:00 a.m. and 5:00 p.m. Pacific Time. You may access your account and make payments via our secure website at https://borrower.snsc.com.

The date that your present servicer will stop accepting payments from you is April 15, 2018. The date that your new servicer will start accepting payments from you is April 16, 2018. Send all payments on or after April 16, 2018 to your new servicer.

**Make your payments payable to:**     **SN Servicing Corporation**

**Mail your payments to:**

The transfer of servicing rights may affect the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance in the following manner: SN Servicing Corporation will **not** continue to accept your insurance payments as a part of your monthly loan payment nor will it be responsible for the continuation of any such optional insurance coverage. You should take the following action to maintain coverage: contact your optional insurance carrier immediately for instructions on how to continue such optional insurance coverage.

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. §2605):

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. §2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 5 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to this address: SN Servicing Corporation, 323 Fifth St, Eureka, CA 95501.

Not later than 30 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 30-Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

You are hereby notified that this letter is being sent to you by SN Servicing Corporation, which is a debt collector. SN Servicing Corporation is attempting to collect a debt. Any information obtained by us will be used for that purpose. However, if you are in a bankruptcy proceeding or your debt has been discharged in bankruptcy, please read the next paragraph carefully for some important information.

*NOTICE TO ANY CUSTOMER IN BANKRUPTCY OR WHO HAS RECEIVED A DISCHARGE IN BANKRUPTCY:* Notwithstanding anything in this notice to the contrary, if you have filed a bankruptcy petition and there is either an "automatic stay" in effect in your bankruptcy case, or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If these circumstances apply, this notice is not intended as a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, however, please also note that despite any such bankruptcy filing, we do continue to retain whatever rights we hold in the property that secures the obligation.

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

*SN Servicing Corporation for SCIG Series III Trust*
Customer Service Department

 **SN** SERVICING CORPORATION
323 5TH STREET
EUREKA CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. – 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

April 18, 2018

DONAL MARTIN MCDONAGH
MICHELE RAWLS MCDONAGH
2416 SANDERS RIDGE
GERMANTOWN TN 38138

RE: New Loan Number:
Old Loan Number:
Collateral: 2416 SANDERS RIDGE LANE; GERMANTOWN TN

As stated in previous correspondence, the servicing of your mortgage loan has been transferred from Shellpoint Mortgage Servicing to SN Servicing Corporation for SCIG Series III Trust effective April 16, 2018

If your loan is secured by real estate, please contact your insurance carrier to have the mortgagee clause changed to the following:

**SN Servicing Corp**
**ISAOA ATIMA**
**P.O. Box 35**
**Eureka, CA 95502**

Please have your insurance carrier forward a copy of your insurance policy with the mortgagee clause change to our Escrow Department at the address shown above. If your property is located in a flood hazard zone, which starts with an "A" or "V", we will also require a copy of your flood insurance policy.

If you or your insurance carriers have any questions, please contact Katie Greene at (800) 603-0836 Monday through Friday between 8:00 a.m. and 5:00 p.m., Pacific Time.

You are hereby notified that this letter is being sent to you by SN Servicing Corporation, which is a debt collector. SN Servicing Corporation is attempting to collect a debt. Any information obtained by us will be used for that purpose. However, if you are in a bankruptcy proceeding or your debt has been discharged in bankruptcy, please read the next paragraph carefully for some important information.

*NOTICE TO ANY CUSTOMER IN BANKRUPTCY OR WHO HAS RECEIVED A DISCHARGE IN BANKRUPTCY:* Notwithstanding anything in this notice to the contrary, if you have filed a bankruptcy petition and there is either an "automatic stay" in effect in your bankruptcy case, or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If these circumstances apply, this notice is not intended as a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, however, please also note that despite any such bankruptcy filing, we do continue to retain whatever rights we hold in the property that secures the obligation.

**SN Servicing Corporation for SCIG Series III Trust**
Escrow Department

# EXHIBIT III

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Donal Martin McDonagh |
| Debtor 2 (Spouse, if filing) | Michele Rawls McDonagh |
| United States Bankruptcy Court for the: | Western   District of Tennessee (State) |
| Case number | 12-27642 |

Official Form 410S2

# Notice of Postpetition Mortgage Fees, Expenses, and Charges   12/16

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any fees, expenses, and charges incurred after the bankruptcy filing that you assert are recoverable against the debtor or against the debtor's principal residence.

File this form as a supplement to your proof of claim. See Bankruptcy Rule 3002.1.

**Name of creditor:** Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely in its capacity as Certificate Trustee for NNPL Trust Series 2012-1       **Court claim no.** (if known): 21-1

**Last 4 digits** of any number you use to identify the debtor's account:   0  5  8  8

Does this notice supplement a prior notice of postpetition fees, expenses, and charges?

☑ No

☐ Yes. Date of the last notice: ____/____/____

**Itemize Postpetition Fees, Expenses, and Charges**

Itemize the fees, expenses, and charges incurred on the debtor's mortgage account after the petition was filed. Do not include any escrow account disbursements or any amounts previously itemized in a notice filed in this case. If the court has previously approved an amount, indicate that approval in parentheses after the date the amount was incurred.

| Description | Dates incurred | | Amount |
|---|---|---|---|
| 1. Late charges | | (1) | $ _____ |
| 2. Non-sufficient funds (NSF) fees | | (2) | $ _____ |
| 3. Attorney fees | | (3) | $ _____ |
| 4. Filing fees and court costs | | (4) | $ _____ |
| 5. Bankruptcy/Proof of claim fees | | (5) | $ _____ |
| 6. Appraisal/Broker's price opinion fees | | (6) | $ _____ |
| 7. Property inspection fees | 12/01/2017 | (7) | $      15.00 |
| 8. Tax advances (non-escrow) | | (8) | $ _____ |
| 9. Insurance advances (non-escrow) | | (9) | $ _____ |
| 10. Property preservation expenses. Specify _____ | | (10) | $ _____ |
| 11. Other. Specify _____ | | (11) | $ _____ |
| 12. Other. Specify: _____ | | (12) | $ _____ |
| 13. Other. Specify: _____ | | (13) | $ _____ |
| 14. Other. Specify: _____ | | (14) | $ _____ |

The debtor or trustee may challenge whether the fees, expenses, and charges you listed are required to be paid.
See 11 U.S.C. § 1322(b)(5) and Bankruptcy Rule 3002.1.

| Debtor 1 | Donal Martin McDonagh | | | Case number *(if known)* 12-27642 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 2: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☑ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✗ /s/ Barbara Lebiedziewicz

Signature

Date 12 / 27 / 2017

Print: Barbara Lebiedziewicz

First Name     Middle Name     Last Name

Title Bankrutcy Case Manager

Company Shellpoint Mortgage Servicing

Address PO Box 10826

Number     Street

Greenville, SC 29603-0826

City     State     ZIP Code

Contact phone ( 864 ) 312 – 4854

Email imigbk@shellpointmtg.com

**SHELLPOINT MORTGAGE SERVICING**
P.O. Box 10826
Greenville, SC 29603-0826

Phone Number: **(800) 365-7107**
Fax: **(866) 476-3705**
e-Mail: mtgbk@shellpointmtg.com

-----------------------------------------------------------------------------------------------------------------

RE: **McDonagh**
Case #: **12-27642**

PROOF OF SERVICE

I certify that a copy of the foregoing documents were served upon the following persons electronically or by mail via the U.S. Postal Service, postage prepaid or by personal delivery, at their scheduled addresses on this day, December 27, 2017.

United States Bankruptcy Court
200 Jefferson ave
Memphis, TN 38103

George W. Stevenson
Chapter 13 Trustee
5350 Poplar Avenue, Suite 500
Memphis, TN 38119-3697

James D. Gentry
5100 Poplar Avenue, Suite 2008
Memphis, TN 38137

Donal Martin and Michele Rawls McDonagh
2416 Sanders Ridge
Germantown, TN 38138-6144

/s/ Barbara Lebiedziewicz

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | DONAL MARTIN MCDONAGH |
| Debtor 2 (Spouse, if filing) | MICHELE RAWLS MCDONAGH |

United States Bankruptcy Court for the: Western District of Tennessee

Case number 12-27642

---

Official Form 410S2

# Notice of Postpetition Mortgage Fees, Expenses, and Charges   12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any fees, expenses, and charges incurred after the bankruptcy filing that you assert are recoverable against the debtor or against the debtor's principal residence.

File this form as a supplement to your proof of claim. See Bankruptcy Rule 3002.1.

Name of creditor: Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely in its capacity as Certificate Trustee for NNPL Trust Series 2012-1

Court claim no. (if known): 21

Last 4 digits of any number you use to identify the debtor's account:  5  8  8

Does this notice supplement a prior notice of postpetition fees, expenses, and charges?

☐ No

☑ Yes. Date of the last notice: 12/27/2017

---

**Part 1:  Itemize Postpetition Fees, Expenses, and Charges**

Itemize the fees, expenses, and charges incurred on the debtor's mortgage account after the petition was filed. Do not include any escrow account disbursements or any amounts previously itemized in a notice filed in this case or ruled on by the bankruptcy court.

| Description | Dates incurred | | Amount |
|---|---|---|---|
| 1. Late charges | | (1) | $ |
| 2. Non-sufficient funds (NSF) fees | | (2) | $ |
| 3. Attorney fees | | (3) | $ |
| 4. Filing fees and court costs | | (4) | $ |
| 5. Bankruptcy/Proof of claim fees | | (5) | $ |
| 6. Appraisal/Broker's price opinion fees | | (6) | $ |
| 7. Property inspection fees | 01/05/2018 $15, 02/08/2018 $15, 04/04/2018 $15 | (7) | $ 45.00 |
| 8. Tax advances (non-escrow) | | (8) | $ |
| 9. Insurance advances (non-escrow) | | (9) | $ |
| 10. Property preservation expenses. Specify: _____ | | (10) | $ |
| 11. Other. Specify: _____ | | (11) | $ |
| 12. Other. Specify: _____ | | (12) | $ |
| 13. Other. Specify: _____ | | (13) | $ |
| 14. Other. Specify: _____ | | (14) | $ |

The debtor or trustee may challenge whether the fees, expenses, and charges you listed are required to be paid.
See 11 U.S.C. § 1322(b)(5) and Bankruptcy Rule 3002.1.

---

Official Form 410S2          Notice of Postpetition Mortgage Fees, Expenses, and Charges          page 1

| Debtor 1 | DONAL MARTIN MCDONAGH | Case number (if known) 12-27642 |
|---|---|---|
| | First Name          Middle Name          Last Name | |

**Part 2:**  **Sign Here**

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☑ I am the creditor's authorized agent.

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

✖ /s/ Ankita Gupta _____      Date 05/02/2018
    Signature

Print:  Ankita Gupta _____      Title  Claims Processor _____
        First Name     Middle Name     Last Name

Company  AIS Portfolio Services. LP _____

Address  P.O. Box 201347 _____
         Number          Street
         Arlington                  TX      76006
         City                       State   ZIP Code

Contact phone  888-455-6662 _____      Email _____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE Western DISTRICT OF Tennessee
MEMPHIS Division

IN RE:

Judge:  David S. Kennedy
Case No. 12-27642

Case Name: Donal Martin Mcdonagh AND Michele Rawls Mcdonagh

Debtor(s).

## NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES AND CHARGES

PLEASE BE ADVISED that on 05/02/2018 (the "Notice Date"), pursuant to Federal Rule of Bankruptcy Procedure 3002.1(c) (the "Bankruptcy Rules"), SN Servicing Corporation filed a Notice of Postpetition Mortgage Fees, Expenses and Charges (the "Notice") on the Bankruptcy Court's Claims Register, supplementing SN Servicing Corporation's previously filed proof of claim. The Notice was filed within 180 days after the date on which the fees, expenses and/or charges were incurred by Donal Martin Mcdonagh AND Michele Rawls Mcdonagh. A copy of the Notice is attached hereto.

The filing of this Notice, via the Court's Electronic Filing system, constitutes service upon the Chapter 13 Trustee and counsel for the Debtor(s), pursuant to Bankruptcy Rule 3002.1 and all applicable Bankruptcy Rules. Further, a copy of the Notice was served upon the Debtor(s) on the Notice Date, at the address listed below, via Electronic Notice or by First Class U.S. Mail, postage prepaid, within 180 days after the date on which the fees, expenses and/or charges were incurred by Donal Martin Mcdonagh AND Michele Rawls Mcdonagh.

Donal Martin Mcdonagh AND Michele Rawls Mcdonagh
2416 SANDERS RIDGE
GERMANTOWN,TN 38138

Date: 05/02/2018

By: /s/ Ankita Gupta_____ _____
    Ankita Gupta, Claims Processor
    P.O. Box 165028
    Irving, TX 75016
    (817) 277-2011 Office
    (888) 455-6662 Toll Free
    (817) 461-8070 Fax
    Authorized Agent for Shellpoint Mortgage Servicing

**DEBTOR ATTORNEY:**
JAMES D GENTRY
GENTRY ARNOLD & MITCHELL PLLC
5100 POPLAR AVENUE SUITE 2008
MEMPHIS,TN 38137

**TRUSTEE:**
GEORGE W STEVENSON
Trustee of the U.S. Bankruptcy Court
5350 POPLAR AVENUE SUITE 500
MEMPHIS,TN 38119

EXHIBIT IV



# Shelby County Tennessee
## *Shelandra Y. Ford*
### Shelby County Register

As evidenced by the instrument number shown below, this document

has been recorded as a permanent record in the archives of the

Office of the Shelby County Register.

**18099804**
10/01/2018 - 10:04 AM

| 3 PGS | |
|---|---|
| LAKECIA    1789162-18099804 | |
| VALUE | 0.00 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| WALK THRU FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

### SHELANDRA Y FORD
REGISTER OF DEEDS SHELBY COUNTY TENNESSEE

1075 Mullins Station, Suite W165 ~ Memphis, Tennessee 38134 (901) 222-8100
Website: http://register.shelby.tn.us Email: register@shelbycountytn.gov

Prepared By and Return To:
Kathleen Collins
Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

_____ Space above for Recorder's use _____

Loan No: 2588420
Svcr Ln No: 578250588


6997035

## ASSIGNMENT OF DEED OF TRUST

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CERTIFICATE TRUSTEE FOR NNPL TRUST SERIES 2012-1**, whose address is **500 DELAWARE AVENUE, 11TH FLOOR, WILMINGTON, DE 19801**, (ASSIGNOR), does hereby grant, assign and transfer to **US BANK TRUST N.A., AS TRUSTEE OF THE SCIG SERIES III TRUST**, whose address is **7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain deed of trust, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Deed of Trust: 8/29/2007
Original Loan Amount: $700,000.00
Executed by (Borrower(s)): **DONAL MCDONAGH & MICHELE MCDONAGH**
Original Trustee: **ERIN WARD**
Original Beneficiary: **TRUST ONE BANK**
Filed of Record: In Book N/A, Page N/A,
Document/Instrument No: 07136288 in the Recording District of **SHELBY, TN**, Recorded on 8/30/2007.

Property more commonly described as: **2416 SANDERS RIDGE LN, GERMANTOWN, TENNESSEE 38138**

Maximum principal indebtedness for Tennessee recording tax purpose is $0.00.

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: _9-21-18_

**WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CERTIFICATE TRUSTEE FOR NNPL TRUST SERIES 2012-1, BY MERIDIAN ASSET SERVICES, LLC, ITS ATTORNEY-IN-FACT**

By: MATTHEW KRUEGER
Title: VICE PRESIDENT

Witness Name: JOHN GASKIN

2588420 WESTVUE.NNPL 6997035

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of          **FLORIDA**
County of        **PINELLAS**

On _9-21-18_____, before me, **VERONIQUE J. SIMS**, a Notary Public, personally appeared **MATTHEW KRUEGER, VICE PRESIDENT of/for MERIDIAN ASSET SERVICES, LLC, AS ATTORNEY-IN-FACT FOR WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CERTIFICATE TRUSTEE FOR NNPL TRUST SERIES 2012-1**, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct. I further certify MATTHEW KRUEGER, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

(Notary Name): VERONIQUE J. SIMS
My commission expires: 01/21/2022

VERONIQUE J SIMS
Commission # GG 177068
Expires January 21, 2022
Bonded Thru Budget Notary Services

2588420 WESTVUE.NNPL 6997035

## True Copy Certification

I, _LAURIE PRESCOTT_, do hereby make oath that I am a licensed attorney and/or the custodian of the electronic version of the attached document tendered for registration herewith and that this is a true and correct copy of the original document executed and authenticated according to law.

_Signature_ _8-27-18_

Signature                                    Date

State of _Florida_

County of _Pinellas_

Personally appeared before me, _Amy Riffe_ , a notary public for this county and state, _Laurie Prescott_ who acknowledges that this certification of an electronic document is true and correct and whose signature I have witnessed.

_Notary's Signature_ _8/27/18_

Notary's Signature                            Date

My Commission Expires: _3/23/22_
Notary' Seal (if on paper)

AMY RIFFE
Commission # GG 178157
Expires March 23, 2022
Bonded Thru Budget Notary Services

EXHIBIT V



**SERVICING CORPORATION**

323 5TH STREET
EUREKA, CA 95501
Toll-Free 800-603-0836
8:00 a.m. -5:00 p.m. PT

5/17/2018

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

DONAL MARTIN MCDONAGH
2416 SANDERS RIDGE
GERMANTOWN, TN 38138

**NOTICE OF ATTEMPT TO COLLECT DEBT**

**Para información en español llame al (800) 603-0836 ext 2643**
**For more information in Spanish call (800) 603 0836 ext 2643**

RE:   Mortgage Note dated: 8/29/2007
        Account No. 0000281460

**YOU ARE HEREBY NOTIFIED THAT SN SERVICING CORPORATION, THEIR EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Borrower:

Thank you for your interest in a mortgage modification. SN Servicing Corporation reviewed your application as the servicing agent for US Bank Trust National Association, as Trustee of the SCIG Series III Trust, who is the holder of your note and SN Servicing Corporation is the servicer attempting to collect this debt on US Bank Trust National Association, as Trustee of the SCIG Series III Trust's behalf.

SN Servicing Corporation has reviewed the request for a modification of this loan and unfortunately we are unable to grant a modification of this loan based on the information received. This notice is being sent in compliance with the applicable rules and regulations required by law, including but not limited to the Equal Credit Opportunity Act.

Main Office - NMLS ID# 5985, Branch Office - NMLS ID# 9785,
Kelly Parrish - NMLS #378996, Scott Nielsen - NMLS #191008, Jeff Harrison - NMLS #1314656

Revised 01-24-2018

We consider a number of factors in making credit decisions. Please be advised that your recent request for a modification has been denied for the following reasons:

[ ] **No Response to Modification Offer**: Failed to return the Modification Packet.

[ ] **Payment Default During the Trial Period Plan:** You have failed to make the trial period payments as provided in the Trial Period Plan and you are in default.

[ ] **Loan Paid or Reinstated:** We have been informed that the subject loan has been paid or reinstated.

[ ] **Withdrawn Request or Non-Acceptance of Offer:** You have withdrawn the request for consideration of the modification or not accepted the offer made by SN Servicing Corporation. Failure to make the first trial period payment in a timely manner is considered non-acceptance of the Trial Period Plan.

[ ] **Incomplete Information:** We have requested information or financial verification documents that have not been received. Your failure to provide all required information and documents by the date provided makes you ineligible for a modification.

[X] **Ineligible Income:** We have determined that your income is insufficient, and/or you have excessive obligations in relation to your income.

[ ] **Ineligible Mortgage for HAMP:** You were offered a modification through the federal Home Affordable Modification Program ("HAMP"), but we are unable to offer you a modification because your loan did not meet one or more of the following HAMP eligibility criteria.

    [ ] Your loan was not originated on or before January 1, 2009.
    [ ] Your loan with us is not a first lien mortgage.
    [ ] The current unpaid principal balance on your loan is higher than the program limit.
    [ ] Your loan has matured.

[ ] **Ineligible Borrower:** We are unable to offer you a modification because your current monthly housing expenses, which include the monthly principal and interest payment on your first lien mortgage loan plus property taxes, hazard insurance and homeowner's dues (if any) is not within the allowable debt to income ratio which would entitle you to be eligible for a modification.

[ ] **Property Not Owner Occupied:** We are unable to offer you a modification because you do not live in the property as your primary residence.

[ ] **Ineligible Property:** We are unable to offer a modification because your property:

    [ ] is vacant
    [ ] has been condemned
    [ ] has more than four dwelling units or
    [ ] has excessive delinquent property taxes

Main Office - NMLS ID# 5985, Branch Office - NMLS ID# 9785,
Kelly Parrish - NMLS #378996, Scott Nielsen - NMLS #191008, Jeff Harrison - NMLS #1314656

Revised 01-24-2018

EXHIBIT VI

**SERVICING CORPORATION**

13702 Coursey Boulevard, Building Two
Baton Rouge, Louisiana 70817
Phone: (225) 293-0095 / (800) 489-6446
Fax: (916) 231-2600
Main Office NMLS #5985  Branch Office NMLS #9785
8:00 a.m. -5:00 p.m. CST

8/16/2018

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

DONAL MCDONAGH
2416 SANDERS RIDGE
GERMANTOWN, TN 38138

### NOTICE OF ATTEMPT TO COLLECT DEBT

**Para información en español llame al (800) 603-0836 ext 2643**
**For more information in Spanish call (800) 603-0836 ext 2643**

RE:     Mortgage Note dated: 8/29/2007
         Account No. 0000281460

**YOU ARE HEREBY NOTIFIED THAT SN SERVICING CORPORATION, THEIR EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Borrower:

Please be advised that I represent SN Servicing Corporation as the servicing agent for US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE SCIG SERIES III TRUST, who is the holder of your note and SN Servicing Corporation is the servicer attempting to collect this debt on US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE SCIG SERIES III TRUST's behalf.

SN Servicing Corporation has reviewed your appeal of the denial on the modification of this loan but has denied the request. A review of your new income shows you have the ability to pay. You will need to work to reinstate the loan.

Main Office - NMLS ID# 5985,  Branch Office - NMLS ID# 9785, Leann Lemoine – NMLS # 1631473

Revised 8-18-2014

# EXHIBIT VII

**Derek E. Whitlock**

| | |
|---|---|
| **From:** | Donal McDonagh <dmcdonagh@kmbs.konicaminolta.us> |
| **Sent:** | Tuesday, June 02, 2020 2:03 PM |
| **To:** | Derek E. Whitlock |
| **Subject:** | Fwd: SN SERVICING CORP. |

Old e-mails telling me I could not make a payment

--------- Forwarded message ---------
From: **Edwards, Casey** <CFedwards@snsc.com>
Date: Thu, Sep 20, 2018 at 7:40 PM
Subject: SN SERVICING CORP.
To: Donal McDonagh <dmcdonagh@kmbs.konicaminolta.us>

Donal,

I will send the information when it becomes available.

Thank you

*Casey Edwards*

Asset Manager

SN Servicing Corp.

323 Fifth St.

Eureka, Ca 95501

Phone. 800-603-0836 Ext: 2764

Fax: 916-231-2564

E-mail: cfedwards@snsc.com

Borrower Login: www.snsc.com/borrower

 SN SERVICING CORPORATION

1

The United States Department of Housing and Urban Development (HUD) sponsors free housing counseling services. To find a HUD-Approved housing counselor in our area call (800) 569-4287.

This communication is from a debt collector. SN Servicing Corporation, it's employees, agents and attorneys are attempting to collect a debt. Any information obtained by us will be used for that purpose. To the extent that you may have received a discharge in bankruptcy, this communication should not be construed as an intent to subject you to personal liability for the discharged debt.

**From:** Donal McDonagh <dmcdonagh@kmbs.konicaminolta.us>
**Sent:** Tuesday, September 18, 2018 6:23 AM
**To:** Edwards, Casey <CFedwards@snsc.com>
**Subject:** 281460/ Mcdonagh

Any updates on getting our breakdown

On Thu, Sep 13, 2018 at 12:27 PM, Edwards, Casey <CFedwards@snsc.com> wrote:

Donal,

Yes, this is correct.

Thank you

*Casey Edwards*

Asset Manager

SN Servicing Corp.

323 Fifth St.

Eureka, Ca 95501

Phone: 800-603-0836 Ext: 2764

Fax: 916-231-2564

E-mail: cfedwards@snsc.com



The United States Department of Housing and Urban Development (HUD) sponsors free housing counseling services. To find a HUD-Approved housing counselor in our area call (800) 569-4287.

This communication is from a debt collector. SN Servicing Corporation, it's employees, agents and attorneys are attempting to collect a debt. Any information obtained by us will be used for that purpose. To the extent that you may have received a discharge in bankruptcy, this communication should not be construed as an intent to subject you to personal liability for the discharged debt.

**From:** Donal McDonagh <dmcdonagh@kmbs.konicaminolta.us>
**Sent:** Thursday, September 13, 2018 9:27 AM
**To:** Edwards, Casey <CFedwards@snsc.com>
**Subject:** 281460/ McDonagh

In the meantime just to be perfectly clear I am not allowed make a payment

On Thu, Sep 13, 2018 at 11:25 AM, Edwards, Casey <CFedwards@snsc.com> wrote:

Donal,

I will send the information when it becomes available.

3

Thank you

*Casey Edwards*

Asset Manager

SN Servicing Corp.

323 Fifth St.

Eureka, Ca 95501

Phone: 800-603-0836 Ext: 2764

Fax: 916-231-2564

E-mail: cfedwards@snsc.com



The United States Department of Housing and Urban Development (HUD) sponsors free housing counseling services. To find a HUD-Approved housing counselor in our area call (800) 569-4287.

This communication is from a debt collector. SN Servicing Corporation, it's employees, agents and attorneys are attempting to collect a debt. Any information obtained by us will be used for that purpose. To the extent that you may have received a discharge in bankruptcy, this communication should not be construed as an intent to subject you to personal liability for the discharged debt.

**From:** Donal McDonagh <dmcdonagh@kmbs.konicaminolta.us>
**Sent:** Thursday, September 13, 2018 5:56 AM
**To:** Edwards, Casey <CFedwards@snsc.com>
**Subject:** 281460/ McDonagh

Any updates on my breakdown

4

On Mon, Sep 10, 2018 at 10:25 AM, Donal McDonagh <dmcdonagh@kmbs.konicaminolta.us> wrote:

Yes, I received the below e-mail however the week before I was told I would have it last Tuesday and in the meantime I am being told ridiculous numbers by you. Now you are using the words unfortunate circumstances, what are these unfortunate circumstances?

.

I am not allowed make a payment, I cannot get a breakdown.

One month I do not make enough for a loan mod, the next I make too much.

I am very annoyed with and skeptical of your organization due to the way I have been treated and have had to hire legal representation.

When will I have the breakdown?

Donal

On Mon, Sep 10, 2018 at 10:16 AM, Edwards, Casey <CFedwards@snsc.com> wrote:

Donal,

Did you not receive this email from last week, the same day that I spoke to you. I promptly let you know this.

Thank you

Casey Edwards

Asset Manager

SN Servicing Corp.

323 Fifth St.

Eureka, Ca 95501

Phone: 800-603-0836 Ext: 2764

Fax: 916-231-2564

E-mail: cfedwards@snsc.com



The United States Department of Housing and Urban Development (HUD) sponsors free housing counseling services. To find a HUD-Approved housing counselor in our area call (800) 569-4287.

This communication is from a debt collector. SN Servicing Corporation, it's employees, agents and attorneys are attempting to collect a debt. Any information obtained by us will be used for that purpose. To the extent that you may have received a discharge in bankruptcy, this communication should not be construed as an intent to subject you to personal liability for the discharged debt.

**From:** Edwards, Casey
**Sent:** Thursday, September 6, 2018 4:59 PM
**To:** 'dmcdonagh@kmbs.konicaminolta.us' <dmcdonagh@kmbs.konicaminolta.us>
**Subject:** 281460/ McDonagh

Good evening Donal,

Due to unfortunate circumstances I do not have the breakdown of the fees at this time to send you. We are having to work with the previous servicing companies to get some documentation..

Thank you

Casey Edwards

Asset Manager

SN Servicing Corp.

323 Fifth St.

Eureka, Ca 95501

Phone: 800-603-0836 Ext: 2764

Fax: 916-231-2564

E-mail: cfedwards@snsc.com

The United States Department of Housing and Urban Development (HUD) sponsors free housing counseling services. To find a HUD-Approved housing counselor in our area call (800) 569-4287.

This communication is from a debt collector. SN Servicing Corporation, it's employees, agents and attorneys are attempting to collect a debt. Any information obtained by us will be used for that purpose. To the extent that you may have received a discharge in bankruptcy, this communication should not be construed as an intent to subject you to personal liability for the discharged debt.

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer. Messages sent to and from us may be monitored. Internet communications cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this message, or any attachment, that have arisen as a result of e-mail transmission. If verification is required, please request a hard-copy version. Any views or opinions presented are solely those of the author and do not necessarily represent those of the company.

--

Donal McDonagh

Area Vice President

901 387 5651

7

--

Donal McDonagh

Area Vice President

901 387 5651

**The message above is from an external source. Please do not open attachments or click links from an unknown or suspicious origin.**

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer. Messages sent to and from us may be monitored. Internet communications cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this message, or any attachment, that have arisen as a result of e-mail transmission. If verification is required, please request a hard-copy version. Any views or opinions presented are solely those of the author and do not necessarily represent those of the company.

--

Donal McDonagh

Area Vice President

901 387 5651

**The message above is from an external source. Please do not open attachments or click links from an unknown or suspicious origin.**

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer. Messages sent to and from us may be monitored. Internet communications cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this message, or any attachment, that have arisen as a result of e-mail transmission. If verification is required, please request a hard-copy version. Any views or opinions presented are solely those of the author and do not necessarily represent those of the company.

--

Donal McDonagh

Area Vice President

901 387 5651

**The message above is from an external source. Please do not open attachments or click links from an unknown or suspicious origin.**

*This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer. Messages sent to and from us may be monitored. Internet communications cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this message, or any attachment, that have arisen as a result of e-mail transmission. If verification is required, please request a hard-copy version. Any views or opinions presented are solely those of the author and do not necessarily represent those of the company.*

--



**DONAL MCDONAGH**
Area Vice President

**Konica Minolta Business Solutions**
1555 Lynnfield Road Suite 100
Memphis, TN 38119
Office: 901-387-5651
Mobile: 901-230-0923
Visit us: Count on Konica Minolta



9

# EXHIBIT VIII



### SERVICING CORPORATION

13702 Coursey Blvd., Building 2
Baton Rouge, LA 70817
Phone: (225) 293-0095, (800) 489-6446
Fax: (916) 231-2500
Main Office NMLS #5985    Branch Office NMLS #9785

January 8, 2019

Donal McDonagh
Michele McDonaugh
2416 SANDERS RIDGE LN
GERMANTOWN, TN 38138-0000

     RE:   **Account # 281460**

#### YOU ARE HEREBY NOTIFIED THAT SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.

Dear Mr. & Mrs. McDonagh:

Please be advised that I represent SN Servicing Corporation, its employees, attorneys and agents who are attempting to collect this debt pursuant to a servicing agreement with US Bank Trust National Association, as Trustee of the SCIG Series III Trust. Any information obtained will be used for that purpose. The Note referenced in the loan number is seriously delinquent and has been placed with SN Servicing Corporation for collection, who is entitled to receive all payments.

This debt is represented by a promissory note dated August 29, 2007, in the principal amount of $700,000.00 made by Donal McDonagh and Michelle McDonagh in favor of Trust One Bank. This Note was subsequently modified by a Loan Modification. Our records show that the loan is due for the April 1, 2017 payment. A copy of the Note and Line of Credit are enclosed. By act of Assignment of Mortgage all rights, title and interest in the note and mortgage documents were transferred and assigned to US Bank Trust National Association, as Trustee of the SCIG Series III Trust.

Your letter disputes the validity of the indebtedness and the balance shown to be due. I have enclosed copies of the Note and Line of Credit reflecting the original lender and the debt that is owed. In addition, I am enclosing a Payoff Statement that reflects the balance of the amount due.

① need copy of loan modification which would be the new start date
② why new rate + payment
③

S:\Legal\CARLINE RESPA McDonagh, Donal\final response I 8 19.doc

To dispute this debt or any portion thereof you should notify SN Servicing Corporation in writing within 30 days after receipt of this letter.  With this written response we are providing you with the name and address of the original creditor, copies of the Note and Line of Credit executed for this loan, and the means by which we acquired this debt. Unless you notify us of any dispute with the validity of this debt we will assume that it is valid.  You have the right to bring a court action to assert the nonexistence or the breach of the contract or any other legal defense to acceleration or foreclosure.

Sincerely,

WILLIAM A. FOGLEMAN
Attorney At Law

WAF/cmn
Enclosures

① Need Copy of Loan Modification as this is just the original line of credit to build the house

② I am disputing the $56,325.27 in advances as this is higher than the Shelby Co. Tax Assessor shows and then there was a refund sent to one of the mortgage providers

③ Need an accurate re-instatement amount as I plan on paying this and continuing with the mortgage.

 **SERVICING CORPORATION**

323 FIFTH STREET (95501)
P.O. BOX 35
EUREKA, CA  95502
(800) 603-0836

January 08, 2019

DONAL MCDONAGH
2416 SANDERS RIDGE LN
GERMANTOWN, TN 38138
Your Reference:

Re:   0000281460
      DONAL MCDONAGH
      2416 SANDERS RIDGE LANE
      GERMANTOWN, TN 38138

Pay off figures for the above referenced loan/borrower are:

| | |
|---|---|
| Projected Payoff Date | 01/31/2019 |
| Principal Balance | $393,520.58 |
| Interest to 01/31/2019 | $43,509.57 |
| Other (See Attached Detail) | $56,325.27 |
| Prepayment Penalty | $0.00 |
| Funds owed by Borrower | $0.00 |
| Funds owed to Borrower | $0.00 |
| Total Payoff | $493,355.42 |
| Per diem | $ 56.60 |

The next payment due is 04/01/2017.  The current interest rate is   6.00   % and the P&I payment is $5,992.45.

**PAY OFF INSTRUCTIONS/INFORMATION:**
- Pay off figures are subject to change so please call **800-603-0836** to update these figures prior to remitting funds.
- Funds received after 12:00 noon will be processed on the next business day and interest will be charged through that date.
- All pay off figures are subject to clearance of funds in transit.  The pay off is subject to final audit when presented.
- Please provide the borrower's forwarding address so any overpayment or refund can be directly mailed to the borrower.
- We will prepare the release of our interest in the property after all funds have cleared.

**REMITTANCE INFORMATION:**

Make checks payable to:      SCIG Series III Trust

**Mailing Address:**                                      **Express/Overnight Mail Address:**

        SN Servicing Corporation                  Bank of Texas
        SCIG Series III Trust                     c/o Remittance Services, Dept 41548
        PO BOX 660820                             2250 W State Hwy 114
        DALLAS, TX 75266-0820                     Grapevine, TX 76051

**Wiring Instructions:**

SCIG Series III Trust, Bank of Texas, ACCT #8095283520, ABA #111014325

| | DONAL MCDONAGH | |
|---|---|---|
| TRUST ONE BANK | MICHELE MCDONAGH | Loan Number 17601653 / 10 |
| 1715 AARON BRENNER DR | 8828 RIVER RISE DR | Date 08/29/2007 |
| MEMPHIS, TN 38120 | CORDOVA, TN 38018 | Maturity Date 08/30/2008 |
| **LENDER'S NAME AND ADDRESS** | | Loan Amount $ 700,000.00 |
| "You" means the Lender, its successors and assigns. | **BORROWER'S NAME AND ADDRESS** | Renewal Of |
| **TERMS FOLLOWING A ☐ APPLY ONLY IF CHECKED** | "I" includes each Borrower above, jointly and severally. | Soc Sec# 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 |

NOTE - For value received, I promise to pay to you, or your order, at your address above, the principal sum of: _____

**SEVEN HUNDRED THOUSAND DOLLARS AND ZERO CENTS** _____ Dollars $ 700,000.00

plus interest from 08/29/2007 _____ at the rate of 8.500000 ____ % per year until the index rate changes ____.

☑ ADDITIONAL FINANCE CHARGE - I also agree to pay a nonrefundable processing fee of $ 300.00 , and it will be ☐ paid in cash on the date of this
note. ☐ paid pro rata as part of each scheduled payment over the loan term, ☐ withheld from the loan proceeds, (if this fee is withheld from the loan proceeds,
the amount is included in the principal sum of this note.)

☑ VARIABLE RATE - The rate above may then change so as always to be 0.250 % ABOVE _____ the following index rate:
LENDER'S PRIME, WHICH IS THE RATE USED BY LENDER TO SET INTEREST RATES AT WHICH LOANS ARE MADE TO VARIOUS CUSTOMERS
LOAN(S) MAY BE MADE AT, ABOVE, OR BELOW SAID PRIME RATE.
_____. The interest rate may not change more than _____ % each _____ N/A _____.
The annual interest rate in effect on this note will not at any time be more than _____ % or less than _____%. The interest rate in effect
on this note may change (as often as) _____ DAILY _____. Issuming there is a change in the base rate) and an
increase in the interest rate will cause an increase in ☑ the amount of each scheduled payment. ☐ the amount due at maturity. ☐ the number of payments.

PAYMENT - I will pay this note as follows:
(a) ☑ Interest due: 12 MONTHLY (ot. Pmt(s) on Amount Advanced beginning September 30, 2007 _____
       Principal due: August 30, 2008 _____
(b) ☐ This note has _____ payments. The first payment will be in the amount of $ _____ and will be due _____
       . A payment of $ _____ will be due on the _____ day of each _____
       thereafter. The final payment of the entire unpaid balance of principal and interest will be due _____

INTEREST - Interest accrues on a ACTUAL/360 DAYS/365 -DAY YEAR basis.
STATUTORY CEILING - In addition to any contractual limits contained in this note,
the interest rate in effect during the term of this note shall not at any time be
greater than:
☑ ********** %.
☑ the maximum rate of interest from time to time allowed to be charged
    by applicable law.
☑ LATE CHARGE - I agree to pay a late charge on the portion of any payment
made more than 10 days after it is due equal to 5% of the unpaid
amount with a maximum of $100.00 .

POST-MATURITY INTEREST - Interest will accrue after maturity on the unpaid
balance of this note on the same basis as interest accrues before maturity, unless
a specific post-maturity interest rate is agreed to in the next sentence.
☐ Interest will accrue at the rate of _____ % per year on the balance
    of this note not paid at maturity, including maturity by acceleration.
☐ MINIMUM INTEREST CHARGE - I agree to pay a minimum interest charge of
    $ N/A , if I pay this loan off before you have earned that much in interest.
THE PURPOSE OF THIS LOAN IS PRIMARILY FOR - _____
CONSTRUCT 1-4 FAMILY RESIDENCE. _____

SECURITY - You have certain rights that may affect my Property as explained on page 3.
(a) ☑ This loan is secured by DEED OF TRUST , dated 08/29/2007 .
(b) ☑ Security Agreement - I grant you a security interest in the Property described below. The rights I am granting you in this Property and the obligations this
       agreement secures are defined on page 3 of this agreement.
       1-4 FAMILY RESIDENCE LOT 6 SANDERS RIDGE PUD GERMANTOWN, SHELBY COUNTY
       TN AND BEING MORE PARTICULARLY DESCRIBED ON DEED OF TRUST DATED
       08/29/07.

This Property will be used for CONSUMER purposes.

| ANNUAL PERCENTAGE RATE<br>The cost of my credit<br>as a yearly rate | FINANCE CHARGE<br>The dollar amount the<br>credit will cost me. | AMOUNT FINANCED<br>The amount of credit<br>provided to me or on my behalf. | TOTAL OF PAYMENTS<br>The amount I will have paid when<br>I have made all scheduled payments. | I have the right to receive at this<br>time an itemization of the<br>Amount Financed. |
|---|---|---|---|---|
| 8.6144 % e | $ 30214.01 e | $ 699699.00 | $ 729913.01 e | YES - I want<br>an itemization.<br>X an itemization. |

My Payment Schedule will be:

| | | | NO - I do not want<br>an itemization. |
|---|---|---|---|
| Number of Payments | Amount of Payments | When Payments Are Due | "e" means an estimate. |
| 12 | $ MONTHLY int. Pmt(s) on Amount Advanced beginning September 30, 2007 | | $ 58.00 Filing Fees |
| 1 | $ 700,000.00 | Principal pmt due on August 30, 2008 | $ N/A Nonfiling Insurance |
| | $ | | |
| | $ | | |

☐ This note has a demand feature.    ☐ This note is payable on demand and all disclosures are based on an assumed maturity of one year.

☑ Variable Rate
   (Check one)   { ☐ My loan contains a variable rate feature. Disclosures about the variable rate feature have been provided to me earlier.
                    ☑ The annual percentage rate may increase during the term of this transaction if There is an increase in the
                      Lender's Prime Rate.
_____
_____
_____ . The rate may not increase more than once daily _____ and may not increase more than
_____ % each N/A _____ . Any increase will take the form of higher payments _____
_____ . If the rate increases by _____ % in _____
See Hypothetical
the example on page 3 _____ will increase to _____ . The rate will not go above _____ %.

Security - I am granting a security interest in:    ☐ (brief description of other property)
   ☑ the goods or property being purchased.
   ☑ collateral securing other loans which you may also secure this loan.
   ☑ my deposit accounts and other rights to the payment of money from you.
☑ Late Charge - I will be charged a late charge on the portion of any payment made more than 10 days after it is due equal to 5% of the unpaid
   amount with a maximum of $100.00 .
☐ Required Deposit - The annual percentage rate does not take into account my required deposit.
Prepayment - If I pay off this note early, I ☐ may ☑ will not have to pay a penalty.
   ☑ If I pay off this note early, I will not be entitled to a refund of part of the finance charge.
☑ Assumption - Someone buying the property securing this obligation cannot assume the remainder of the obligation on the original terms.
I can see my contract documents for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

VARIABLE/SIMPLE INTEREST NOTE, DISCLOSURE, AND SECURITY AGREEMENT
EXPERT © 1981, 1988 Bankers Systems, Inc., St. Cloud, MN Form KDSVSILAZTN 6/29/2007
Custom 11/8/02  MDF, ETHNDASV



CONSUMER LOAN - NOT FOR OPEN-END CREDIT
(page 1 of 3)

CREDIT INSURANCE - Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless I sign and agree to pay the additional costs.

| Type | Premium | Term |
|---|---|---|
| Credit Life | N/A  N/A | N/A |
| Credit Disability | N/A | N/A |
| Joint Credit Life | N/A  N/A | N/A |

☐ do ☒ do not want credit life insurance.

☐ do ☒ do not want credit disability insurance.

☐ do ☒ do not want joint credit life insurance.

☐ do ☐ do not want _____ Insurance.

X _____ DOB N/A

X _____ DOB N/A

**ITEMIZATION OF AMOUNT FINANCED**

AMOUNT GIVEN TO ME DIRECTLY    $  See attached

AMOUNT PAID ON MY (LOAN) ACCOUNT    $  itemization

AMOUNTS PAID TO OTHERS ON MY BEHALF:

to Insurance Companies    $ _____

to Public Officials    $ _____

$ _____

$ _____

$ _____

(less) PREPAID FINANCE CHARGE(S)    $ _____

Amount Financed    $ _____

(Add all items financed and subtract prepaid finance charges.)

PROPERTY INSURANCE - I may obtain property insurance from anyone I want that is acceptable to you. If I get the insurance from or through you I will pay $ N/A for N/A of coverage.

SINGLE INTEREST INSURANCE - I may obtain single interest insurance from anyone I want that is acceptable to you. If I get the insurance from or through you I will pay $ N/A for N/A of coverage.

### ADDITIONAL TERMS OF THE NOTE

PURSUANT TO THE PROVISIONS OF T.C.A. SECTION 47-18-2404, AND TO THE EXTENT THAT THE LOAN OR INDEBTEDNESS IS SECURED BY THE OWNER-OCCUPIED RESIDENCE OF BORROWER, PLEASE BE ADVISED AS FOLLOWS:

FAILURE TO MAKE TIMELY PAYMENTS OR TO REPAY THE LOAN WILL RESULT IN THE BORROWER'S HOME BEING SUBJECT TO FORECLOSURE.

ADDITIONAL INFORMATION ON DEBT CONSOLIDATION LOANS IS AVAILABLE FROM THE TENNESSEE DEPARTMENT OF COMMERCE & INSURANCE, DIVISION OF CONSUMER AFFAIRS AT 1-800-342-8385.

IN ADDITION, IT IS THE OBLIGATION OF THE BORROWER TO MAKE PAYMENTS TO PRIOR LENDERS.

BY SIGNING ON PAGE 3, BORROWER REPRESENTS AND WARRANTS THAT HE/SHE HAS READ THE FOREGOING COMPLETELY AND UNDERSTANDS THE INFORMATION CONTAINED HEREIN.

Express © 1981, 1989 Bankers Systems, Inc., St. Cloud, MN Form HD&SVSN.AZTN 6/29/2001
Custom 11/8/02  MFD. ETNNDASV

 

*(page 2 of 3)*

## ADDITIONAL TERMS OF THE NOTE (CONT.)

**COSTS OF COLLECTION AND ATTORNEYS' FEES** - I agree to pay you all reasonable costs you incur to collect this debt or realize on any security. This includes, unless prohibited by law, reasonable attorneys' fees. This provision also shall apply if I file a petition or any other claim for relief under any bankruptcy rule or law of the United States, or if such petition or other claim for relief is filed against me by another.

**SET-OFF** - I agree that you may set off any amount due and payable under this note against any right I have to receive money from you.

"Right to receive money from you" means:

(a) Any deposit account balance I have with you;

(b) Any money owed to me on an item presented to you or in your possession for collection or exchange; and

(c) Any repurchase agreement or other nondeposit obligation.

"Any amount due and payable under this note" means the total amount of which you are entitled to demand payment under the terms of this note at the time you set off. This total includes any balance the due date for which you properly accelerate under this note.

If my right to receive money from you is also owned by someone who has not agreed to pay this note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement. Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set off this debt against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

**OTHER SECURITY** - Any present or future agreement securing any other debt I owe you also will secure the payment of this loan. Property securing another debt will not secure this loan if such property is my principal dwelling and you fail to provide any required notice of right of rescission. Also, property securing another debt will not secure this loan to the extent such property is in household goods.

**OBLIGATIONS INDEPENDENT** - I understand that my obligation to pay this loan is independent of the obligation of any other person who has also agreed to pay it. You may, without notice, release me or any of us, give up any right you may have against any of us, extend new credit to any of us, or renew or change this note one or more times and for any term, and I will still be obligated to pay this loan. You may, without notice, fail to perfect your security interest in, impair, or release any security and I will still be obligated to pay this loan.

**WAIVER** - I waive to the extent permitted by law) demand, presentment, protest, notice of dishonor and notice of protest.

**PRIVACY** - I agree that from time to time you may receive credit information about me from others, including other lenders and credit reporting agencies. I agree that you may furnish on a regular basis credit and experience information regarding my loan to others seeking such information. To the extent permitted by law, I agree that you will not be liable for any claim arising from the use of information provided to you by others or for providing such information to others.

**FINANCIAL STATEMENTS** - I will give you any financial statements or information that you feel is necessary. All financial statements and information I give you will be correct and complete.

**PURCHASE MONEY OBLIGATION** - If this is a purchase money obligation, you may include the name of the seller on the check or draft for this loan.

## ADDITIONAL TERMS OF THE SECURITY AGREEMENT

**SECURED OBLIGATIONS** - This security agreement secures this loan (including all extensions, renewals, refinancings and modifications) and any other debt I have with you now or later. Property described in this security agreement will not secure other such debts if you fail to give any required notice of the right of rescission with respect to the Property. Also, this security agreement will last secure other debts if the security interest is in consumer goods and the other debt is a consumer transaction. This security agreement will last until it is discharged in writing.

For the sole purpose of determining the extent of a purchase money security interest arising under this security agreement:

(a) Payments on any nonpurchase money loan also secured by this agreement will not be deemed to apply to the purchase money obligations; and

(b) Payments on the purchase money obligations will be deemed to apply first to the nonpurchase money portion of the loan, if any, and then to the purchase money obligations in the order in which the items were acquired.

No security interest will be terminated by application of this formula. "Purchase money obligation" means an obligation I incur as all or part of the price of the Property securing the loan or for value given to enable me to acquire rights in or the use of the Property if the value is in fact so used.

**PROPERTY** - The word "Property," as used here, includes all property that is listed in the security agreement on page 1. If a general description is used, the word Property includes all my property fitting the general description. Property also means all benefits that arise from the described Property (including all proceeds, insurance benefits, payments from others, interest, dividends, stock splits and voting rights). It also means property that now or later is attached to, is a part of, or results from the Property, and all supporting obligations. "Proceeds" includes anything acquired on the sale, lease, license, exchange, or other disposition of the Property; any rights and claims arising out of the Property; and any collections and distributions on account of the Property.

**OWNERSHIP AND DUTIES TOWARD PROPERTY** - Unless a co-owner(s) of the Property signed a third party agreement, I represent that I own all the Property. I will defend the Property against any other claim. I agree to do whatever you require to perfect your interest and keep your priority. I will not do anything to harm your position.

I will keep the Property in my possession (except if pledged and delivered to you). I will keep it in good repair and use it only for its intended purposes. I will keep it at my address unless we agree otherwise in writing. I will not use the Property for a purpose that will violate any laws or subject the Property to forfeiture or seizure.

I will not try to sell or transfer the Property, or permit the Property to become attached to any real estate, without your written consent. I will pay all taxes and charges on the Property as they become due. I will inform you of any loss or damage to the Property. You have the right of reasonable access in order to inspect the Property.

**WAIVER** - To the extent permitted by law, I waive all personal property exemptions in the Property securing this loan.

**INSURANCE** - I agree to buy insurance on the Property against the risks and for the amounts you require. I will name you as loss payee and provide you evidence of any such policy. You may require added security on this loan if you agree that insurance proceeds may be used to repair or replace the Property. I agree that if the insurance proceeds do not cover the amounts I still owe you, I will pay the difference. I will buy the insurance from a firm authorized to do business in Tennessee. The firm will be reasonably acceptable to you. I will keep the insurance until all debts secured by this agreement are paid. If I fail to maintain insurance or provide you with proof of insurance, you may obtain insurance to protect your interest in the Property. I will pay for the costs of any creditor-placed insurance.

**DEFAULT AND REMEDIES** - If I am in default, to addition to the remedies listed in the note portion of this document and subject to any of the limitations on the "REAL ESTATE OR RESIDENCE SECURITY" paragraph, you may (after giving notice and waiting a period of time, if required by law):

(a) Pay taxes or other charges, or purchase any required insurance, if I fail to do these things (but you are not required to do so). You may add the amount you pay to this loan and accrue interest on that amount at the interest rate(s) in effect from time to time, on this note until paid in full;

(b) Require me to gather the Property and any related records and make it available to you in a reasonable fashion;

(c) Take immediate possession of the Property, but in doing so you may not breach the peace or unlawfully enter onto my premises. You may sell, lease or dispose of the Property as provided by law. (If the Property includes a manufactured home, you will begin the repossession by giving me notice and an opportunity to cure my default, if required by law.) You may apply what you receive from the sale of the Property to your expenses and then to the debt. If what you receive from the sale of the Property is less than what I owe you, you may take me to court to recover the difference (to the extent permitted by law); and

(d) Keep the Property to satisfy the debt.

I agree that when you must give notice to me of your intended sale or disposition of the Property, the notice is reasonable if it is sent to me at my last known address by first class mail 15 days before the intended sale or disposition. I agree to inform you in writing of any change in my address.

**FILING** - I hereby irrevocably authorize you at any time and from time to time to file one or more financing statements pursuant to the UCC, in form satisfactory to you, describing the Property. Such description of the Property may identify the Property as (i) all assets of Debtor or words of similar effect, regardless of whether any particular asset comprised in the Property falls within the scope of Article 9 of the UCC, or (ii) as being of an equal or lesser scope or with greater detail. Debtor also ratifies its authorization for Secured Party to have filed in any UCC jurisdiction any like initial financing statements or amendments thereto if filed prior to the date hereof. Debtor further authorizes Secured Party to file one or more financing statements describing any agricultural liens or other statutory liens held by Secured Party.

**ASSUMPTION** - This security agreement and any loan it secures cannot be assumed by someone buying the Property from me. This will be true unless you agree in writing to the contrary. Without such an agreement, if I try to transfer any interest in the Property, I will be in default (or "all obligations that are secured by this security agreement).

Signed _____

Officer's Name _____ For Lender

☐ **CREDITOR-PLACED INSURANCE NOTICE** - I am giving you a security interest in Property, as described in the SECURITY section on page one (1). I am required to maintain insurance on the Property to protect your interest. If I fail to provide you with evidence of such insurance, you may place insurance to protect your interest. I will pay for the costs of any creditor-placed insurance.

### NOTICE TO COSIGNER

You (the cosigner) are being asked to guaranty this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You also may have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

This notice is not the contract that makes you liable for the debt.

Attach FTC "Preservation of Consumer Claims
and Defenses" Notice if Applicable

---

**SIGNATURES - I AGREE TO THE TERMS SET OUT ON PAGES 1, 2 AND 3 OF THIS AGREEMENT. I HAVE RECEIVED A COPY OF THIS DOCUMENT ON TODAY'S DATE.**

COSIGNERS - SEE NOTICE ON PAGE 3 BEFORE SIGNING.

Signature _____   Signature _____   29TH   AUGUST   2007

Signature _____   Signature _____

**Hypothetical Examples**

**Installment Loan:**
Assume your loan of $10,000 was made at 11%, payable in 36 consecutive monthly payments of $327.39, the rate can be changed yearly and any additional funds due were to be collected at maturity. If the rate increased 1% in 1 year, the amount due at maturity will increase to $405.88.

**Single Payment:**
Assume your loan of $10,000 was made at 11%, payable in one payment in 180 days. If the rate increases 1% in 3 months, the amount due at maturity will increase $24.93.

Experts © 1981, 1985 Bankers Systems, Inc., St. Cloud, MN  Form NDESVSLAZTN  8/29/2001  Custom 11/6/02  MFD. ETNNDASV

## LINE OF CREDIT

| BORROWER'S NAME AND ADDRESS | LENDER'S NAME AND ADDRESS | |
|---|---|---|
| DONAL MCDONAGH<br>MICHELE MCDONAGH<br>8828 RIVER RISE DR<br>CORDOVA, TN 38118<br>"I" includes each borrower above, jointly and severally. | TRUST ONE BANK<br>1715 AARON BRENNER DR<br>MEMPHIS, TN 38120<br>"You" means the lender, its successors and assigns. | 17601653 /<br>Line of Credit No. 10<br>Date __August 29, 2007__<br>Max. Credit Amt. _____ 700,000.00<br>Loan Ref. No. |

You have extended to me a line of credit in the
AMOUNT of **SEVEN HUNDRED THOUSAND DOLLARS AND ZERO CENTS**                                                                          $ _____ 700000.00 _____

You will make loans to me from time to time until __5__ :00 ____ __P__ .m. on __August 30, 2008__ _____ . Although the line of credit expires on that date, I will remain obligated to perform all my duties under this agreement so long as I owe you any money advanced according to the terms of this agreement, as evidenced by any note or notes I have signed promising to repay these amounts.
    This line of credit is an agreement between you and me. It is not intended that any third party receive any benefit from this agreement, whether by direct payment, reliance for future payment or in any other manner. This agreement is not a letter of credit.

1. **AMOUNT:** This line of credit is:
    [X] **OBLIGATORY:** You may not refuse to make a loan to me under this line of credit unless one of the following occurs:
        a. I have borrowed the maximum amount available to me;
        b. This line of credit has expired;
        c. I have defaulted on the note (or notes) which show my indebtedness under this line of credit;
        d. I have violated any term of this line of credit or any note or other agreement entered into in connection with this line of credit;

        e. _____
        _____
        _____

    [ ] **DISCRETIONARY:** You may refuse to make a loan to me under this line of credit once the aggregate outstanding advances equal or exceed
        $ _____
Subject to the obligatory or discretionary limitations above, this line of credit is:
    [ ] **OPEN-END** (Business or Agricultural only): I may borrow up to the maximum amount of principal more than one time.
    [X] **CLOSED-END:** I may borrow up to the maximum only one time.
2. **PROMISSORY NOTE:** I will repay any advances made according to this line of credit agreement as set out in the promissory note, I signed on
    __August 29, 2007__ _____ , or any note(s) I sign at a later time which represent advances under this agreement. The note(s) set(s) out the terms relating to maturity, interest rate, repayment and advances. If indicated on the promissory note, the advances will be made as follows:
    _DISBURSED IN STAGES ACCORDING TO PROGRESS OF CONSTRUCTION, EITHER BY_ _____
    _WRITTEN REQUEST, PHONE CALL FROM BORROWER OR AT BANK'S DISCRETION._ _____

3. **RELATED DOCUMENTS:** I have signed the following documents in connection with this line of credit and note(s) entered into in accordance with this line of credit:
    [ ] **Security Agreement** ~~construction loan~~ dated ____        [X] _DEED OF TRUST_ _____ 08/29/2007
    [ ] mortgage dated _____                        [ ] _____
    [ ] guaranty dated _____                        [ ] _____
4. **REMEDIES:** If I am in default on the note(s) you may:
    a. take any action as provided in the related documents;
    b. without notice to me, terminate this line of credit.
        By selecting any of these remedies you do not give up your right to later use any other remedy. By deciding not to use any remedy should I default, you do not waive your right to later consider the event a default, if it happens again.
5. **COSTS AND FEES:** If you hire an attorney to enforce this agreement I will pay your reasonable attorney's fees, where permitted by law. I will also pay your court costs and costs of collection, where permitted by law.
6. **COVENANTS:** For as long as this line of credit is in effect or I owe you money for advances made in accordance with the line of credit, I will do the following:
    a. maintain books and records of my operations relating to the need for this line of credit;
    b. permit you or any of your representatives to inspect and/or copy these records;
    c. provide to you any documentation requested by you which support the reason for making any advance under this line of credit;
    d. permit you to make an advance payable to the seller (or seller and me) of any items being purchased with that advance;

    e. _____
    _____

7. **NOTICES:** All notices or correspondence with me should be sent to my address stated above. The notice or correspondence shall be effective when deposited in the mail, first class, or delivered to me in person.
8. **MISCELLANEOUS:** This line of credit may not be changed except by a written agreement signed by you and me. The law of the state in which you are located will govern this agreement. Any term of this agreement which is contrary to applicable law will not be effective, unless the law permits you and me to agree to such a variation.

FOR THE LENDER

___BRYAN JONES___
Title __ SR. VICE PRESIDENT __

**SIGNATURES:** I AGREED TO THE TERMS OF THIS LINE OF CREDIT. I HAVE RECEIVED A COPY ON TODAY'S DATE

___DONAL MCDONAGH___

___MICHELE MCDONAGH___

© 1885 BANKERS SYSTEMS, INC., ST. CLOUD, MN 56301 (1-800-397-2341) FORM LCA 5/2/91 MDF.   EGALCA                    (page 1 of 1)

EXHIBIT IX

Bryan K. Smith
Member
Licensed in Tennessee & Mississippi
bksmith@psmemphis.com

17 June 2019

Via Federal Express

William A. Fogleman, Esq.
SN Servicing Corporation
13702 Coursey Blvd., Building 2
Baton Rouge, LA 70817

Re:     Donal and Michele McDonagh
        2416 Sanders Ridge Ln., Germantown, TN
        Account No. 281460

Dear Mr. Fogleman:

I have reviewed your correspondence of May 16, 2019 regarding this matter and have discussed with my client. Your letter was not responsive to the concerns raised in my initial letter of April 2, 2019. You have simply attached a payment history from November 2018 forward and stated everything is correct. Some of the issues raised in my letter appear to relate to matters prior in time to when the current servicer took over the loan. You have also not provided a corrected amount necessary to reinstate the loan.

I will summarize my original letter below:

-       First, the payments due to reinstate the loan are shown as sixteen payments at $5,992.45, and eight payments at $6,201.79. My clients agree that a total of 24 payments are due, but they believe those should all be at $5,992.45 per month, totaling $143,818.80. The lender increased the payments last year, based on an increase in the interest rate, however, based on our calculations, we do not believe the rate should have increased. The loan documents provided for a change date on July 1, 2018, at which time the interest rate would adjust to the one-year U.S. Treasury index, plus 3%. The Treasury index is to be measured 45 days before the change date. Based on information that I have found, the index was 2.28% at that time, resulting in an interest rate of 5.28%. The loan has an interest rate floor of 6%, which was already in effect, so the interest rate and resulting payment should have remained the same, instead of increasing.

-       My client also objects to the legal fees charge of $19,906.05, which were allegedly advanced by one of the many prior servicers. I am told that at no time during the process and all of my

clients' prior communications with the lender has there been an attorney's fee charge of this nature. However now, at the time my clients are in a position to reinstate the loan, this additional charge has been added. My clients demand a strict accounting of these charges and adequate support for the amount that is claimed to be owed.

- Additionally, my clients dispute the $36,224.37 charge for escrows allegedly advanced by a prior servicer. During the pendency of the McDonaghs' bankruptcy, the property taxes were delinquent, but were paid through their bankruptcy plan. The prior servicer did make tax payments, but the taxing authorities refunded those amounts to the servicer, as they had been or were being paid through the bankruptcy plan. That is the "refunds issued to the prior servicer for overpayment" that you reference in your original letter. The overpayment was a result of the prior servicer paying taxes which were already paid or being paid through the bankruptcy plan, and should have never been charged to the McDonaghs. My clients do not dispute that a prior servicer may have advanced these amounts to pay delinquent property taxes, but that amount should have been credited back, when the taxing authorities refunded those payments. My clients demand a strict accounting of all funds advanced for taxes as well as all refunds received from the taxing authorities.

My clients are still prepared to pay $144,043.65 to reinstate the loan, which is the 24 payments due, at the monthly rate of $5,992.45, plus the late fee of $224.85. In addition, my clients will pay the additional principal and interest payments in the amount of $5,992.45 each, which have accrued since your original letter (three payments totaling an additional $17,977.35). In order for my clients to consider the other charges that are being assessed, they need support for those amounts that are claimed to be due.

I again ask that you provide the additional information requested, so that may clients can properly assess whether those amounts are actually owed.

Respectfully,

PIETRANGELO SMITH PLC

Bryan K. Smith

cc:    Donal and Michele McDonagh

Sent   9/24/19

TO: SN Servicing and William Fogelman

FROM: Donal and Michele McDonagh

Re: Account # 281460 and Your Letter dated August 27th

Date: 9-24-2019

In our previous letters which I am including with this correspondence and highlighting the questions we specifically asked, a couple of questions that were not addressed in your response are as follows.

1. The payment you are requesting of $6,201.79 is incorrect; we specifically reference the requirements of the original loan as regards any potential increases and the relationship to the US Treasury index. There should not be any increase; the correct payment should be $5,992.45. We cannot come to an agreement until this issue is addressed

2. We have asked more than once for a breakdown of what is referenced as legal fees, this is a new line item that surfaced a couple of months ago and feel it is reasonable to ask for a breakdown.

   We are prepared to re-instate this loan but need the above questions answered before we can do that

Donk   12/3/19

TO: SN Servicing and William Fogelman

FROM: Donal and Michele McDonagh

Re: Account # 281460 and Your Letter dated Nov 5th

Date: 12-3-2019

In our previous letters we specifically asked a couple of questions that were not addressed in your response. I now have 3rd question that we would like answered.

1. The payment you are requesting of $6,201.79 is incorrect; we specifically reference the requirements of the original loan as regards any potential increases and the relationship to the US Treasury index. There should not be any increase; the correct payment should be $5,992.45. We cannot come to an agreement until this issue is addressed

2. We have asked more than once for a breakdown of what is referenced as legal fees, this is a new line item that surfaced a couple of months ago and feel it is reasonable to ask for a breakdown.

3. The account has a principal balance of $393,000 that we are willing to offer to close this account, please respond with approval to proceed with this offer if you accept.

*1/3/202 response to 12/5 letter*

TO: SN Servicing and William Fogelman

FROM: Donal and Michele McDonagh

Re: Account # 281460 and Your Letter dated Dec 5th

Date: 1-3-2020

Can we please get answers to all of the below questions?

1. The payment you are requesting of $6,201.79 is incorrect; we specifically reference the requirements of the original loan as regards any potential increases and the relationship to the US Treasury index. There should not be any increase; the correct payment should be $5,992.45. We cannot come to an agreement until this issue is addressed

2. We have asked more than once for a breakdown of what is referenced as legal fees, this is a new line item that surfaced a couple of months ago and feel it is reasonable to ask for a breakdown.

3. The account has a principal balance of $393,520.58 and we are willing to offer 400,000 to close this account, please respond with approval to proceed with this offer if you accept.

To: William Fogelman

Re: Account #

From: Tonal + Michele Mc Donagh

Please accept this note as written notice
that we are disputing parts of the debt
referenced in your letter dated Jan. 8th, 2019.

① We would like a copy of the loan modification
The promisory note dated August 29th was for
a line of credit to build the house. We need
to see the modification with all terms.

② We are also disputing the charges under description
of other for $56,325.97. There were payments
made for property taxes of approximately
$36,000 then there were 2 refund checks totaling
$9,705.85 sent to the mortgage holder. We believe
this # should be around $26,294.15. There were
not any other payments made therefore we would
like to see proof of what comprises the $19,906.05.

) We would like an accurate re-instatement
amount clearly broken down that does not
include erroneous charges as it is our plan to
pay this and continue with mortgage payments.
Thank you for your time, I have
included copies of the refund checks.
Tonal + Michele Mc Donald

TO: SN Servicing Corporation and William Fogelman

FROM: Donal & Michele McDonagh

RE: Account # 281460 and Your Letter dated May 16th

Please accept this letter as notification that we are disputing the debt associated with the above account. On April 2nd we sent you a letter referencing the incorrect payment of $6,201.79 and why it should not have increased from $5992.45. We explained that the loan documents referenced the one year US Treasury Index plus 3 % and that at the anniversary date the index was 2.28% which would make the effective rate 5.28% which means the current rate of 6% which results in the payment of $5.992.45 is correct and the payment of $6,201.79 incorrect. In your letter of reply you ignored our question totally.

Additionally we object to the legal fees of $19,906 as well as the $36,224.37 charge for escrows. At no time before were legal fees referenced and the escrow charges have to be offset by the refund checks sent by the County taxing authority.

We have proposed a settlement of the account by paying all 24 and now 25 payments x $5,992.45 which would make the loan current and this offer was also ignored in your letter. Please respond to these specific questions

To: SN Servicing and William Fogelman

From: Donal and Michele McDonagh

Re: Account # 281460 and Your letter dated February 19th

Date: 3-16-20

1. In your letter on 2-19 you stated "the payment change for this account was submitted with the US Bankruptcy Court in 2008 and it was not disputed". You are obviously not looking at our account and our issues. Our bankruptcy was filed in 2011, the original loan started in 2008. If you read the loan terms and its relationship with the US Treasurery Index you will see that we are correct and that the payment should be $5,992.45 not $6,201.79
2. We agree that the principal balance of this account is $393,520.58 but disagree with the extra charges, however we are willing to offer $410,000 to close out our relationship with SN Servicing Corporation.

SHELBY COUNTY
CHANCERY COURT
JUN 2 4 2020
W. AARON HALL, C & M
TIME: 1021   BY: 46

**IN THE CHANCERY COURT OF TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

DONAL M. MCDONAGH and
MICHELE R. MCDONAGH,

      Plaintiffs,

vs.                                 No. CH-20-0741
                                         JURY DEMANDED
                                         PART - VII

SCIG SERIES III TRUST,
SN SERVICING CORPORATION,
U.S. BANK TRUST NATIONAL ASSOCIATION,
and EDWARD RUSSELL, Substitute Trustee,

      Defendants.

---

## ABSTRACT AND NOTICE OF LIEN LIS PENDENS

---

KNOW ALL PERSONS BY THESE PRESENTS, that pursuant to T.C.A §20-3-101 et

seq., I hereby certify that on June 24, 2020, an action was commenced in this Court and remains

on file and of record in my office and according to such record.

1.  The names of the parties to this action are: Donal M. McDonagh and Michele. R

    McDonagh (Plaintiffs) and SCIG Series III Trust, SN Servicing Corporation, U.S.

    Bank Trust National Association and Edward D. Russell (Defendants).

2.  The addresses of real estate affected are below and a more particular description, with

    parcel numbers, are included in Exhibit A:

    2416 Sanders Ridge Ln
    Germantown (Shelby County) TN 38138

The amount sought by the Plaintiffs related to the subject

property is $400,000.

Page 1 of 2

3.   The complaint is seeking recovery of financial damages incurred by the Plaintiff based upon claims of Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, violations of the Faie Debt Collection Act, violations of the Tennessee Consumer Protection Act debt and violations of RESPA.

NOTICE IS HEREBY GIVEN to all parties, including but not limited to all bonafide purchasers and encumbrancers for value of aforesaid subject properties, or any interest therein, that upon registration of this Abstract with the Shelby County Register's Office, Donal M. McDonagh and Michele R. McDonagh have a lien Lis Pendens upon said property, as provided in T.C.A §20-3-101, et seq. and as further provided by law.

_____
SHELBY COUNTY CHANCERY CLERK
AND MASTER

Prepared by:

HARKAVY SHAINBERG KAPLAN
& DUNSTAN PLC

By: _____
     Derek El Whitlock (#29927)
6060 Poplar Ave, Ste 140
Memphis TN 38119
Direct Ph: (901) 866-5344
Direct Fx: (901) 866-5419
Email: dwhitlock@harkavyshainberg.com
*Attorneys for Plaintiff*

Page **2** of 2

17601653-10

_____(Space Above This Line For Recording Data)_____

Maximum principal indebtedness for Tennessee recording tax purposes is $0. Exact same collateral as prior debt. Does not increase principal indebtedness.

## LOAN MODIFICATION AGREEMENT
(Providing for Adjustable Interest)

This Loan Modification Agreement ("Agreement") made this 30th day of JUNE, 2008, between **DONAL M. McDONAGH and MICHELE R. McDONAGH, husband and wife,** ("Borrower") and **TRUST ONE BANK** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated August 29, 2007, and recorded **August 30, 2007**, at Instrument Number **07136288**, in the Register's Office of Shelby County, Tennessee, (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property" located at

### 2416 Sanders Ridge, Germantown, TN  38138

_____

(Property Address)

the real property described being set forth as follows:

> Lot 6, SANDERS RIDGE P.U.D., as shown on plat of record in Plat Book 230, Page
> 23, in the Register's Office of Shelby County, Tennessee, to which plat reference is
> hereby made for a more particular description of said property.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

As of June 30, 2008, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U. S. $700,000.00 consisting of the amount(s) loaned to Borrower by Lender and any interest capitalized to date.

Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest shall be charged on the Unpaid Principal Balance at the initial yearly rate of **6.25%** from **June 30, 2008**, and as set forth in the Fixed/Adjustable Rate Rider attached hereto and incorporated herein by this reference. Borrower promises to make monthly payments of principal and interest of U. S. **$6,037.12** beginning on the **first** day of **August, 2008**, and as set forth in the Fixed/Adjustable Rate Rider attached hereto and incorporated herein by this reference, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full.  If on **July 1, 2023**, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

Borrower will make such payments at **TRUST ONE BANK, 1715 Aaron Brenner Drive, Suite 100, Memphis, TN  38120,** or at such other places as Lender may require.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower also will comply with all other covenants, agreements and requirements of the Security Instrument, including, without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

Exhibit A.

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER CH- 20 - 0741-3 |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| Donal M. McDonagh & Michele R. McDonagh | SCIG Series III Trust, et al |

**TO:** (NAME AND ADDRESS OF DEFENDANT)

**SN SERVICING CORPORATION**

C/O Registered Agent - The Prentice-Hall Corporation System

**2908 Poston Ave.**

**Nashville, TN 37203-1312**

Method of Service:

- ☐ Shelby County Sheriff
- ☐ Private Process Server
- ☐ Out of County Sheriff\*
- ☐ Secretary of State\*
- ☐ Comm. Of Insurance\*
- ☑ Certified Mail
- ☐ Other
  \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below:

| Attorney for Plaintiff or Plaintiff if filing Pro Se: (Name, address & telephone number) | ISSUED 24th of June, 20 20 |
|---|---|
| **Derek E. Whitlock** | W. Aaron Hall, Clerk and Master |
| **6060 Poplar Ave, Ste. 140** | By: |
| **Memphis, TN 38119** | Deputy Clerk & Master |
| **901-866-5344** | 140 Adams, Room 308   Memphis, TN 38103 |

| TO THE SHERIFF: | Came to hand |
|---|---|
| ~~R E C E I V E D~~ | _____ day of _____, 20 ____ |
| ~~JUL 14 2020~~ | Sheriff |
| ~~CHANCERY COURT~~ | |

**CERTIFICATION (IF APPLICABLE)**

| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | W. Aaron Hall, Clerk & Master By: |
|---|---|

\*\*Submit one original and one copy for each defendant to be served.

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
**For questions regarding scheduling or filing, please contact the court.**

Notice of Personal Property Exemption:
TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

| | |
|---|---|
| | By: _____ |
| Signature of person accepting service | Sheriff or other authorized person to serve process |

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____

By: Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this_____day of** | |
| _____ , **20**_____ . | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of_____Notary Public or_____ Deputy Court Clerk: | |
| _____ | |
| My Commission Expires:_____ | |
| ATTACH RETURN RECEIPT HERE (IF APPLICABLE) | |

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SN- Servicing Corp.
c/o Registered Agent
The Prentice-Hall Corp. System Inc.
2908 Poston Ave
Nashville, TN 37203-1312

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 3624 7305 1365 67

2. Article Number (Transfer from service label)

7017 2680 0000 4403 3050

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
10-10-20

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☒ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SN Servicing Corporation
c/o William Fogelman, Esq.
13702 Coursey Blvd, Bldg #1
Baton Rouge, LA 70817

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 3624 7305 1365 50

2. Article Number (Transfer from service label)

7017 2680 0000 4403 3067

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X M Smith
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
M Smith

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☒ Registered Mail™
☒ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

CH-20-0741-3

## FIAT

TO THE CLERK AND MASTER OF THE CHANCERY COURT AT SHELBY COUNTY:

Issue a Temporary Restraining Order prohibiting SCIG Series III Trust their officers, agents, employees, successors, or assigns and the Substitute Trustee from further publishing or undertaking any efforts toward foreclosing on the Property and gives Notice of a hearing on Petitioner's Petition for Temporary Injunction and to enjoin any further foreclosure proceeding as to the Property located at 2416 Sanders Ridge, Germantown, Tennessee and to set this matter for hearing on the 14th day of July at 11:45 o'clock A. M.

Zoom   Bond is set at $ 500.00/us

A TRUE COPY-ATTEST          CHANCELLOR

W. Aaron Hall, Clerk & Master

By_____          DATE: 06-24-2020
          D.C. & M.                10:15 a.m.

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 24 day of June , 2020, a copy of the foregoing Petition for Temporary Injunction was served via first class mail, postage prepaid upon:

SCIG Series III Trust                     U.S Bank Trust National Association
C/O – Trustee - U.S Bank Trust National Association   300 East Delaware Avenue, 8th Floor
300 East Delaware Avenue, 8th Floor       Wilmington, Delaware 19801
Wilmington, Delaware 19801

SN Servicing Corporation
C/O - Registered Agent -The Prentice-Hall Corporation System, Inc.
2908 Poston Avenue
Nashville, Tennessee 37203-1312.

Edward D. Russell, Esq, - Substitute Trustee
8 Cadillac Dr., Ste. 120, Creekside Crossing III
Brentwood, TN 37027

Derek E. Whitlock

15