# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DONAL M. MCDONAGH and<br>MICHELE R. MCDONAGH,<br><br>    **Plaintiff,**<br><br>v.<br><br>SCIG SERIES III TRUST,<br>SN SERVICING CORPORATION,<br>U.S. BANK TRUST NATIONAL<br>ASSOCIATION, and<br>EDWARD RUSSELL, Substitute Trustee,<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)    **Case 2:20-cv-02539-JMP-cgc**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER

    This Cause was before the Court for a scheduling conference held pursuant to Local Rule 16.2, on September 17, 2020.  Present were Derek W. Whitlock, counsel for plaintiff, and Patty Whitehead, counsel for defendants, U.S. Bank National Association, as Trustee for SCIG Series III Trust and SN Servicing Corporation, and Edward Russell, *pro se*.  Prior to the scheduling conference, on August 6, 2020, the parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f).

    Plaintiffs Donal and Michele McDonagh sue to enjoin foreclosure on property located at 2416 Sanders Ridge Ln. Germantown, TN 38138 ("Property"), and assert related claims for breach of contract, breach of the covenant of good faith and fair dealing, violations of the Fair Debt Collection Act, violations of the Tennessee Consumer Protection Act, and Violations of "12 U.S.C. 2601."[1]  (ECF No. 1-1 at PageID 7-8.)  Plaintiffs acquired titled to the Property on August 29, 2007 and executed a deed of trust for Trust One Bank.  (Id. at PageID 9.)  Plaintiffs filed for Bankruptcy on July 20, 2012.  (Id.)  In April 2018, Plaintiffs assert that Defendants began sending collection notices, even though the Defendants were not assigned the debt until September 21, 2018.  (Id.)  Plaintiffs allege that there have been problems with the Defendants communication and refinancing procedures ever since.  (Id. at PageID 9-13.)

    Defendants SN Servicing Corporation ("SN Servicing") and U.S. Bank Trust National Association, as trustee for SCIG Services III Trust ("U.S Bank") filed a Motion to Dismiss under

---

[1] 12 U.S.C. § 2601 lists only the "Congressional findings and purpose" behind the Real Estate Settlement Procedures of Title 12.

12(b)(1) and (6).  (ECF No. 13.)  They assert numerous grounds for the dismissal of the Plaintiffs' claims, including that (1) the Plaintiffs' request for an injunction is moot as a TRO was issued by the Chancery Court suspending the sale and no new date has been set.  (ECF No. 13-1 at PageID 134); the breach of contract and breach of good faith claims are invalid because there is no privity between the parties (Id. at PageID 134-5); (3) Plaintiffs failed to sufficiently plead that the Defendants are debt collectors under the law (Id. at PageID 137) and the Defendants did not violate the law.

Defendant Edward Russell, *pro se*, filed both an answer and a Motion to Dismiss pursuant to 12(b)(6).  (ECF Nos. 16, 17.)  Defendant Russell states that "Mr. Russell has been named in the Complaint solely in his capacity as trustee under the subject deed of trust and is therefore not a necessary party to this action. There are no allegations against Mr. Russell outside of his role as trustee." (ECF No. 16 at PageID 174.)  Mr. Russell was dismissed from the matter on August 21, 2020.

The following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**:  August 27, 2020

**MOTIONS TO JOIN PARTIES**:  October 12, 2020 (Plaintiff to amend Complaint by October 16th.  Defendants will have until October 23rd to refile motion to dismiss if no amended Complaint is filed.)

**MOTIONS TO AMEND PLEADINGS**:  October 12, 2020

**MOTIONS TO DISMISS**:  November 11, 2020 (Motion to dismiss is pending.)

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** November 5, 2020

    **(b) SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)**:

        **Mediator's Name:** Attorneys to discuss possible resolution.

**COMPLETING ALL DISCOVERY**:  May 20, 2021

  (a) **WRITTEN DISCOVERY**:  April 20, 2021
  (b) **DEPOSITIONS**:  May 20, 2021

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)** (No experts are anticipated):

  (a) **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**:  March 22, 2021

    (b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**: March 22, 2021

    (c) **EXPERT WITNESS DEPOSITIONS**: March 22, 2021

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: May 4, 2021 (Not anticipated)

**SUPPLEMENTATION UNDER RULE 26(e)(1)**: May 20, 2021

**FILING DISPOSITIVE MOTIONS**: June 2, 2021

**TRIAL**:

1. The **jury trial** in this matter, which is anticipated to last **3** days, is set to begin on August 30, 2021 at 9:30 a.m. in a courtroom to be designated by the District Court courtroom sharing plan.

2. A **pretrial conference** is set for August 20, 2021 at 9:30 a.m.

3. The **joint proposed pretrial order, proposed verdict form, proposed jury instructions, proposed voir dire questions, and motions in limine** are due by no later than 4:30 p.m. on August 11, 2021.

**OTHER RELEVANT MATTERS:**

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the Court approves the parties' e-discovery plan.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

The parties may engage in ADR at their discretion by the ADR deadline. If any party determines that mediation is unlikely to be successful, would not be cost effective, or is a procedure in which they do not wish to engage, they may file a Notice of Intent not to engage in mediation. Upon such notice, the mediation shall be cancelled. Pursuant to Local Rule 16.2(d), if the parties choose to engage in mediation, within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

IT IS SO ORDERED.

/s/ Jon P. McCalla_____
PRESIDING UNITED STATES JUDGE