# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DONAL M. MCDONAGH and MICHELE R. MCDONAGH,<br><br>    Plaintiffs,<br><br>v.<br><br>SCIG SERIES III TRUST, SN SERVICING CORPORATION, U.S. BANK TRUST NATIONAL ASSOCIATION, and EDWARD RUSSELL, Substitute Trustee,<br><br>    Defendants. | Case No. 2:20-cv-02539-JMP-cgc |

## PLAINTIFFS' RESPONSES TO DEFENDANTS SN SERVICING AND U.S. BANK'S FIRST REQUEST FOR ADMISSIONS

**COME NOW**, Plaintiffs, Donal McDonagh and Michele McDonagh ("Plaintiffs" or "McDonaghs"), by and through their counsel of record, Harkavy Shainberg Kaplan PLC, and pursuant to Federal Rule of Civil Procedure 36, submit their Objections and Responses to the First Request for Admissions propounded by Defendants SN Servicing Corporation ("SN") and U.S. Bank Trust National Association ("U.S. Bank") (hereinafter collectively referred to as "Defendants").

### I.    GENERAL STATEMENT

These responses are made without waiving or intending to waive any objections to the subsequent use of the response. The McDonaghs specifically reserve all objections and questions as to privilege, the competency, relevancy, materiality, authenticity, and/or admissibility of these responses; the right to object to the use of these responses in any subsequent step or proceeding in this action, on any or all of the forgoing grounds or on any proper grounds whether or not set

forth above; the right to object on any and all grounds at any time to other discovery responses or documents involving or related to the subject matter of the Frist Request for Admissions answered herein; and the right to revise, correct, supplement, or clarify any responses herein. This General Statement is incorporated into each of the following responses.

## II.     GENERAL OBJECTIONS

The McDonaghs object to the First Request for Admissions to the extent that they do not comply with Rule 36 of the Federal Rules of Civil Procedure. The McDonaghs further object to the First Request for Admissions to the extent that they seek information that is subject to the attorney-client privilege and the work-product privilege doctrine. Additionally, the McDonaghs object to the First Request for Admissions to the extent that they seek to elicit information that is irrelevant to the factual allegations of Plaintiffs' Complaint, call for legal conclusion or legal opinion, is irrelevant to the subject matter of the pending litigation or beyond the permissible scope of discovery, and/or is not calculated to lead to the discovery of admissible evidence. The McDonaghs also object to the First Request for Admissions to the extent that they are vague, overly broad, unduly oppressive and harassing, or unduly burdensome.

## III.     REQUESTS FOR ADMISSIONS

1.     Admit that U.S. Bank Trust National Association, as trustee for SCIG Series III Trust was the holder of the Note as of February 23, 2018.

RESPONSE: Denied. To date, despite already having produced documents pursuant to Plaintiff's discovery requests, the Defendants have yet to provide any document to establish that any of the Defendants were the "holder of the Note as of February 23, 2018."

2.     Admit that U.S. Bank Trust National Association, as trustee for SCIG Series III Trust was the owner of the Note as of February 23, 2018.

RESPONSE: Denied. To date, despite already having produced documents pursuant to Plaintiff's discovery requests, the Defendants have yet to provide any document to establish that any of the Defendants were the "owner of the Note as of February 23, 2018."

3. Admit that SCIG Series III Trust can only act through its trustee, U.S. Bank Trust National Association.

RESPONSE: Objection. This Request calls for a legal conclusion, and is thus improper. Further, the Request is overly broad as it fails to qualify what constitutes an "act."

4. Admit that U.S. Bank Trust National Association, as trustee for SCIG Series III Trust is currently the holder of the Note.

RESPONSE: Objection. the McDonaghs can neither deny or admit this Request as it calls for the McDonaghs to speculate as to the activities and status of third parties for which Plaintiffs do not have knowledge.

5. Admit that U.S. Bank Trust National Association, as trustee for SCIG Series III Trust is currently the owner of the Note.

REPONSE: Objection. the McDonaghs can neither deny or admit this Request as it calls for the McDonaghs to speculate as to the activities and status of third parties for which Plaintiffs do not have knowledge. Subject to and without waiving same, the Assignment of the Deed of Trust, recorded October 1, 2018 as instrument number 18099804, would indicate that U.S. Bank Trust National Association, as trustee for SCIG Series III Trust were assigned the Note on or around October 1, 2018.

6. Admit that SCIG Series III Trust and U.S. Bank Trust National Association should not be named as two separate defendants in this action.

RESPONSE: Denied. This Request calls for a legal conclusion, and is thus improper.

7.  Admit that you failed to make required monthly mortgage payments are required by the Note and Deed of Trust.

RESPONSE: It is admitted that the McDonaghs failed to make the monthly mortgage payment as prescribed in the Note and Deed of Trust executed on or about August 29, 2007.

8.  Admit that your failure to make required monthly mortgage payments pursuant to the terms of the Note and Deed of Trust resulted in the initiation of non-judicial foreclosure proceedings.

RESPONSE: Denied. The failure of SN to provide responsive evidence as to the disputed debt request made by the McDonaghs in combination with SN's communication to the McDonaghs to not make any further payments appears to have resulted in the initiation of non-judicial foreclosure proceedings.

9.  Admit that SN never advised you, in writing or over the phone, that they would no longer accept any Loan payments made by you.

RESPONSE: Denied. Additionally, and as the Defendants are fully aware already, in an email sent on September 13, 2018, by SN Servicing representative Casey Edwards explicitly stated that SN Servicing would not allow the McDonaghs to make a loan payment.

Respectfully Submitted,

HARKAVY SHAINBERG KAPLAN PLC

By: /s/ Derek E. Whitlock
    Derek E. Whitlock (BPR #29927)
*Attorneys for Plaintiffs*
6060 Poplar Ave, Ste 140
Memphis TN  38119
Direct Ph:  (901) 866-5344
Direct Fx:  (901) 866-5419
Email: dwhitlock@harkavyshainberg.com

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 12th day of February, 2021, served all parties in this matter with the foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Bret J. Chaness
Patty Whitehead
Rubin Lublin TN, PLLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, Georgia 30071
*Attorneys for SN Servicing Corporation and U.S. Bank Trust National Association, as trustee for SCIG Services III Trust*

_____
Derek W. Whitlock (BPR #29927)